■ JACQUELINE LANCASTER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [640 NYS2d 87] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 19, 1994, which denied defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The clerk is directed to enter judgment dismissing the complaint.

In this personal injury action, in which plaintiff alleges that she slipped and fell on a puddle of water in the hallway outside her apartment, plaintiff has failed to come forward with evidentiary proof sufficient to raise triable issues of fact as to whether defendant Housing Authority had actual or constructive notice of a water puddle in the hallway, or created same.

Plaintiff's unsubstantiated claim in her unverified bill of particulars that she and her boyfriend complained to an employee of the Housing Authority is belied by her deposition testimony that she never saw the puddle she allegedly slipped on, or did not know whether her boyfriend spoke with anyone at the Authority either before or after the accident. Although she testified at her hearing pursuant to General Municipal Law § 50-h that the substance that caused her fall was just plain water, she later admitted that she never looked down in the area where she fell before or after the accident, nor did she check her clothes or slippers after falling to determine the nature of the substance that allegedly caused her fall.

Liability based on constructive notice may only be imposed where a defect is visible and apparent and has existed for a sufficient length of time prior to the accident to permit the owner to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Plaintiff testified that when she let her brother into the apartment approximately two hours before the accident, she did not notice any water in the hallway, nor did her brother mention any such condition. Thus, no evidence was presented that the water was "visible and apparent" to plaintiff or anyone else. Nor was there any indication that the water had been present for an extended period of time. The evidence of puddling two days prior to the accident, a condition that was concededly gone before the end of that day, is insufficient to establish that said condition recurred at regular intervals, such that an owner who had actual knowledge of reoccurrences would be charged with constructive notice of each specific reoccurrence (*see, Weisenthal v Pickman*, 153 AD2d 849).

Finally, there is no evidence that the Housing Authority created the alleged condition. While plaintiff initially testified at the section 50-h hearing that two days before the accident she notified a janitor regarding a mop and water puddle left near her door, at her deposition she changed her testimony to say that she never spoke to any employee of the Authority prior to the accident, but rather, two days before the accident, she spoke to a neighbor about notifying the Authority regarding water on the other side of the hallway. In any event, even if it can be said that the Authority, by leaving a wet mop in the hallway, "created" a condition two days before the accident, said condition had either evaporated or was removed later that day, and there is no evidence that the Housing Authority even performed cleaning services on the day of the accident, much less created the condition complained of. Plaintiff's theory that the instant condition was caused by the Housing Authority simply because it was allegedly *similar* to the prior condition is sheer speculation. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Williams, JJ.