■ DWAYNE ROGERS, Appellant, v CITY OF NEW YORK HOUSING AUTHORITY, Respondent. [749 NYS2d 504] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about February 16, 2001, dismissing the complaint and bringing up for review an order, same court and Justice, entered August 10, 2000, which granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

Plaintiff's decedent's testimony that she had slipped on numerous transparent pieces of glass, both large and small, and that she had not previously seen this particular glass, did not suffice to raise a triable issue of fact as to whether defendant had constructive notice of the alleged dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836). Likewise, the evidence did not raise a triable issue as to whether there was a "recurring problem" (*see Lancaster v New York City Hous. Auth.*, 226 AD2d 145).

Contrary to plaintiff's assertion, the record reveals that the statements in the decedent's affidavit, which we note was dated 10 years after the accident, in which she claimed to have seen and stepped on the glass in question on the evening before the

accident, were in direct contrast to her testimony at her General Municipal Law § 50-h hearing and deposition. Therefore, the court appropriately determined that the decedent's affidavit was insufficient to defeat defendant's summary judgment motion (*see Harty v Lenci*, 294 AD2d 296; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320).

We have considered and rejected plaintiff's remaining arguments. Concur—Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.