■ VANESSA VIERA, Respondent, v RIVERBAY CORPORATION, Appellant. [845 NYS2d 12]—

Order, Supreme Court, Bronx County (Edgar Walker, J.), entered June 8, 2006, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

On August 14, 2003, at approximately 4:10 P.M., a massive power outage occurred leaving tens of millions of people in North America without electricity. At 5:30 P.M. on that date, plaintiff, accompanied by her husband and daughter, went to an apartment building in Co-op City owned by defendant to check on the welfare of plaintiff's mother, who lived in an apartment on the 15th floor of the building. Since the elevator was inoperable due to the blackout, plaintiff, her husband and her daughter walked up a stairway to the apartment. While each landing in the stairway had a light, those lights also were inoperable. Plaintiff's husband, however, had a flashlight that he used to illuminate the stairway. As they ascended the stairs, both plaintiff and her husband observed at least one person carrying bags of ice up the stairs.

At approximately 7:00 P.M., plaintiff, her husband, her daughter, her mother and a friend of plaintiff's mother left the apartment and descended the stairs. Plaintiff's husband, carrying the flashlight, led the group down the stairway. While between the seventh and sixth floors, plaintiff slipped and fell, striking her back and neck on the stairs. At her deposition, plaintiff initially stated that an oily substance caused her to slip, but she later stated that it was water. Plaintiff assumed that the water was melted ice that dripped while people were carrying ice up the stairs; however, plaintiff did not see any ice or water or any other liquid on the steps prior to her accident.

Plaintiff commenced this action against defendant, claiming that defendant failed to remove fluid that was on the stairs and failed to provide adequate lighting in the stairway. Defendant moved for summary judgment dismissing the complaint on the grounds that it did not have notice of the wet condition on the stairs, and that it had no duty to provide emergency lighting in the stairway. Supreme Court denied the motion.

With respect to plaintiff's claim that defendant failed to

remove fluid that was on the stairs, defendant made a prima facie showing that it neither created nor had notice of such a condition. The evidence submitted by defendant demonstrated that defendant neither created nor had actual notice of the condition, and plaintiff does not argue otherwise. Similarly, defendant's evidence demonstrated that defendant lacked constructive notice of the presence of liquid on the stairs. Notably, plaintiff expressly testified that prior to her accident she did not see any ice or fluid on the stairs. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Given plaintiff's testimony that she did not observe any ice or fluid on the stairs prior to her accident, defendant demonstrated that the condition did not exist for a sufficient period of time for defendant to discover and remedy it (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]; *Berger v ISK Manhattan, Inc.*, 10 AD3d 510 [2004]; *Lancaster v New York City Hous. Auth.*, 226 AD2d 145 [1996]).

In opposition, plaintiff failed to raise a triable issue of fact. The conclusory assertions of plaintiff and her husband that plaintiff slipped on water that leaked from bags of ice carried by tenants up the stairs are purely speculative. In any event, these assertions shed no light on the pivotal question of when the water appeared on the stairs.

Concerning plaintiff's claim that defendant failed to provide adequate lighting in the stairway, defendant made a prima facie showing that it did not breach any duty of care owed to plaintiff in this regard. Defendant maintained lights in the stairway, but those lights were rendered inoperable by the blackout. Plaintiff cited no statute or regulation imposing a duty on defendant to illuminate the stairway during a blackout, i.e., an absolute duty to illuminate the stairway. To the contrary, before both the motion court and this Court plaintiff relied solely on common-law principles of premises liability in arguing that defendant had a duty to provide lighting in the stairway during the blackout. However, defendant owed no such duty of care (*see generally Peralta v Henriquez*, 100 NY2d 139, 145 [2003]; *Miller v Consolidated Rail Corp.*, 41 AD3d 948, 952 [2007]).

*Goldstein v Consolidated Edison Co. of N.Y.* (115 AD2d 34 [1986], *lv denied* 68 NY2d 604 [1986]), relied upon by plaintiff, is distinguishable. In *Goldstein*, the blackout of 1977 terminated all electricity to a building owned by defendant Lind-Ric, causing the public hallways and stairways to become pitch-dark.

During the blackout, no lighting of any kind was placed in the stairways by defendant's employees. The building's superintendent, along with his wife and children, assisted elderly residents in carrying pails of water from the street to their apartments. Approximately 12 hours after the blackout, plaintiff Morris Goldstein left his 13th-floor apartment and walked down one of the stairways, which he illuminated with a candle, and exited the building. After obtaining water from a friend's home, Goldstein returned to the building, lit the candle and began ascending a staircase. At about the third floor, the candle went out and Goldstein fell.

In sustaining that portion of a jury verdict in favor of plaintiffs and against Lind-Ric, the Court rejected Lind-Ric's argument that it was not negligent. The Court noted that the superintendent created the hazardous situation that caused Goldstein's accident by encouraging tenants to obtain water from a street hydrant, which he had opened, and then ascend darkened stairways back to their apartments (*id.* at 40-41).

Here, however, defendant's employees did not create the dangerous condition that caused plaintiff's accident. Specifically, defendant's employees neither encouraged tenants and visitors to use the stairway during the blackout nor caused water to accumulate on the stairs. Moreover, only approximately three hours passed between the beginning of the blackout and plaintiff's accident, an insufficient amount of time for defendant to act in light of the massive scale of the blackout.

This case is also distinguishable from this Court's recent decision in *Kopsachilis v 130 E. 18 Owners Corp.* (43 AD3d 744 [2007]). There, the plaintiff fell down an unlit stairway in a building owned by defendants and sustained personal injuries, also during the 2003 blackout. The plaintiff commenced an action against the defendants asserting that they negligently failed to provide continuous light in the stairway. The plaintiff relied upon a statute that purportedly requires every light in a windowless fire stair to be "kept burning continuously" (Multiple Dwelling Law § 37 [3]) regardless of whether the owner has knowledge of or consents to the extinguishment of such lights (*Kopsachilis*, 43 AD3d at 745). Notably, the plaintiff specifically identified the statute in her supplemental bill of particulars, and relied upon it both in motion practice and on appeal. A divided panel affirmed an order denying the defendants' motion for summary judgment dismissing the complaint, accepting the plaintiff's interpretation of the statute.

Here, however, Multiple Dwelling Law § 37 is not in issue. Neither in her papers in opposition to the motion nor in her

brief did plaintiff assert that defendant violated any statute; rather, she claimed that defendant violated the common-law duty of care it owed to her. Given the inapplicability of Multiple Dwelling Law § 37 in this case, *Kopsachilis* neither controls nor informs our disposition of this appeal. Concur—Andrias, J.P., Saxe, Buckley, Gonzalez and McGuire, JJ.