[901 NE2d 734, 873 NYS2d 241]

CHRISTINE KOPSACHILIS, Respondent, v 130 EAST 18 OWNERS CORP. et al., Appellants.

Argued October 22, 2008; decided December 2, 2008

**POINTS OF COUNSEL**

*Gannon, Rosenfarb & Moskowitz,* New York City (*Peter J. Gannon* of counsel), for appellants. I. 130 East 18 Owners Corp. did not violate Multiple Dwelling Law § 37. (*Abood v Hospital Ambulance Serv.,* 30 NY2d 295; *Rankin v Shanker,* 23 NY2d 111; *Matter of United Press Assns. v Valente,* 308 NY 71; *Matter of Hogan v Culkin,* 18 NY2d 330; *Surace v Danna,* 248 NY 18; *Spencer v Myers,* 150 NY 269; *Gonzalez v Medina,* 69 AD2d 14; *Martin v Herzog,* 228 NY 164; *Tedla v Ellman,* 280 NY 124; *Chrisler v Spencer,* 31 AD3d 1124.) II. 130 East 18 Owners Corp. acted reasonably in keeping its building safe in view of all the circumstances. (*Basso v Miller,* 40 NY2d 233; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579; *Tobin v Grossman,* 24 NY2d 609; *Goldstein v Consolidated Edison Co. of N.Y.,* 115 AD2d 34; *Peralta v Henriquez,* 100 NY2d 139.)

*Segal & Lax,* New York City (*Patrick Daniel Gatti* of counsel), for respondent. Defendants violated section 37 of the Multiple Dwelling Law and therefore are liable for negligence per se. (*Goldstein v Consolidated Edison Co. of N.Y.,* 115 AD2d 34; *Elliott v City of New York,* 95 NY2d 730; *Mermelstein v 417 Riverside Drive,* 25 AD2d 522; *Camacho v Tabak,* 18 AD2d 609, 18 NY2d 883; *Price v Delaware State Police Fed. Credit Union,* 307 F3d 362; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577.)

*Armienti, DeBellis, Guglielmo & Rhoden, LLP,* New York City (*Vanessa M. Corchia* of counsel), for Riverbay Corporation, amicus curiae. A landowner does not have a duty to provide artifical illumination during a blackout occasioned by external

sources. (*Basso v Miller,* 40 NY2d 233; *Thackeray v Novak,* 124 AD2d 946; *Hamilton v Beretta U.S.A. Corp.,* 96 NY2d 222; *Church v Callanan Indus.,* 99 NY2d 104; *De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053; *Peralta v Henriquez,* 100 NY2d 139; *Rivera v Nelson Realty, LLC,* 7 NY3d 530; *Stoliker v Crandall,* 31 AD2d 682, 25 NY2d 991; *Collins v Noss,* 258 App Div 101, 283 NY 595; *Ellis v Di Chiara,* 38 AD2d 780.)

### OPINION OF THE COURT

SMITH, J.

Subdivision (2) of Multiple Dwelling Law § 37 requires, as a general rule, that owners of apartment buildings keep lights on all night in certain public areas. The same subdivision says that if a light "becomes extinguished and remains so without the knowledge or consent of the owner he shall not be liable." Subdivision (3) of the statute makes an exception to the general rule of subdivision (2), requiring lights in windowless areas to "be kept burning continuously." We hold in this case that the "knowledge or consent" defense created by subdivision (2) may be asserted in a case based on an alleged violation of subdivision (3).

I

The blackout of August 14, 2003 left many commuters stranded in New York City overnight. Plaintiff was one of them, and she stayed that night in the fourth floor apartment of a coworker in a building owned by defendants. The building was not one of those required by the New York City Administrative Code to have lighting connected to an emergency power source (*see* Administrative Code of City of NY § 27-382). The building did have backup, battery-operated lights, but the batteries lasted no more than 40 minutes. By the time plaintiff arrived at the building on the evening of August 14, the lights were out. The building staff had put flashlights and candles on the staircases, and staff members using flashlights escorted building occupants, including plaintiff and her host, up the fire-stairs.

The lights were still out when plaintiff was ready to leave the building the next morning. Neither she nor her host had a flashlight, and neither called down to the lobby for help. Plaintiff stood in the hallway outside her host's apartment and opened the door to the fire-stairs, where she could see nothing. She put out her foot to feel for a landing, fell down the stairs and was injured.

Plaintiff brings this negligence action against the building owners. The principal basis for the action, and the only one that requires discussion, is her assertion that defendants were guilty of negligence per se because they violated the requirement of Multiple Dwelling Law § 37 (3) that "[e]very light in every fire-stair . . . shall be kept burning continuously."

Supreme Court denied defendants' motion for summary judgment, and the Appellate Division, with two Justices dissenting, affirmed. The Appellate Division concluded that section 37 (3) "does not relieve an owner of responsibility for lights extinguished without its knowledge or consent, but rather commands categorically that every light in a windowless fire-stair 'shall be kept burning continuously' " (*Kopsachilis v 130 E. 18 Owners Corp.*, 43 AD3d 744, 745 [1st Dept 2007]). The dissenters' view was that the statute did not impose "absolute liability," and that defendants were entitled to assert a "knowledge or consent" defense (*id.* at 747).

The Appellate Division granted leave to appeal to this Court, and we now reverse.

II

Multiple Dwelling Law § 37 is best understood by reading its first three subdivisions in full:

> "1. In every multiple dwelling the owner shall provide a light or lights, each of at least sixty watts incandescent or twenty watts cool white fluorescent or equivalent illumination, for every vestibule and entrance hall in every public hall, stair, fire-stair and fire-tower on every floor. Said light or lights shall be located as prescribed by the department, but, in every stair, fire-stair or fire-tower, shall be so located that every part thereof shall be lighted.

> "2. Except as provided in subdivision three, every such light shall be turned on by the owner at sunset every day and shall not be turned off by the owner until the following sunrise. Every such light shall be kept burning daily from sunset until sunrise, but if it becomes extinguished and remains so without the knowledge or consent of the owner he shall not be liable. The burden shall be upon the owner to show that the light became and remained extinguished without his knowledge or consent.

"3. Every light in every fire-stair and fire-tower at every story, and in every stair and public hall at every story where there is no window opening to the outer air, shall be kept burning continuously except that this provision shall not apply to public halls lighted as provided in subdivision eleven of section two hundred seventeen."

These three subdivisions are related. The first imposes a requirement that lights be provided in certain places, including "every . . . fire-stair." Subdivision (2) applies to "every such light"—including the lights in fire-stairs. It states a durational requirement for the turning on of the lights, subject to an exception "as provided in subdivision three." Subdivision (2) also provides for a defense to an action premised on a violation: if a light "becomes extinguished and remains so without the knowledge or consent of the owner he shall not be liable." Subdivision (3) states the exception that subdivision (2) refers to: it says that certain of the lights already described, including lights in fire-stairs, "shall be kept burning continuously."

The "knowledge or consent" defense in subdivision (2) applies to the extinguishment of any lights required by subdivision (1), whether they are required to be on only at night or continuously. This is the most natural reading of the section's language. The words "[e]xcept as provided in subdivision three" do not modify the knowledge or consent defense—the exception and the defense appear in separate sentences.

The probable intention of the statute's authors confirms what its text suggests. It seems unlikely that the Legislature meant to make liability dependent on the landlord's knowledge or consent when a light fails in a windowed hallway during the night, but to impose strict liability when the failure occurs in a windowless area. If the Legislature had intended such a distinction, we would expect it to say so plainly. We therefore read subdivision (3)'s statement that lights in windowless areas "shall be kept burning continuously" as stating an exception to the rule that lights need be on only at night, not as creating a new liability to which there is no defense.

Defendants here obviously did not "consent" to the blackout that darkened the staircase in which plaintiff fell. They therefore have no liability under Multiple Dwelling Law § 37. Because plaintiff's negligence per se theory fails, and because the record otherwise contains no evidence of negligence sufficient to create an issue of fact, plaintiff's complaint must be dismissed.

Accordingly, the order of the Appellate Division should be reversed with costs, defendants' motion for summary judgment dismissing the complaint granted, and the certified question answered in the negative.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.