(January 13, 2009)

■ JOHN LUCENTE, Respondent, v RIVERBAY CORPORATION et al., Appellants. [872 NYS2d 11]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 28, 2008, which, in an action for personal injuries sustained when plaintiff fell in a dark stairwell in defendants' building during the blackout of August 14, 2003, denied defendants' motion to renew their motion for summary judg-

ment dismissing the complaint or, in the alternative, for a stay of trial pending issuance of the Court of Appeals' decision in *Kopsachilis v 130 E. 18 Owners Corp.* (43 AD3d 744 [2007], *revd* 11 NY3d 512 [2008]), unanimously affirmed, without costs.

Defendants' initial motion for summary judgment was denied as untimely by an order dated April 27, 2006 (CPLR 3212 [a]), which defendants did not appeal. By order to show cause dated December 31, 2007, defendants moved to renew their summary judgment motion, arguing that this Court's decision in *Viera v Riverbay Corp.* (44 AD3d 577 [Oct. 30, 2007]) effected a change in the law that would necessarily change the court's denial of summary judgment (CPLR 2221 [e] [2]). Our decision in *Viera*, however, addressed whether, under the circumstances therein, defendant had a duty under common-law principles of premises liability to provide stairwell lighting during a blackout (44 AD3d at 579); in no manner did that decision involve the timeliness of a summary judgment motion. Furthermore, we decline to address the import of *Viera* for this case given the untimeliness of the motion. Nor did the stay of trial we issued on January 4, 2007 (2007 NY Slip Op 60256[U] [2007]) in connection with defendants' appeal from the denial of their motion to consolidate this action with *Viera* have any impact on the time limit for filing a motion for summary judgment. The motion court's statement in its decision denying renewal that even if renewal were granted questions of fact would remain that preclude the granting of summary judgment in defendants' favor is dictum, is unrelated to the untimeliness of defendants' initial motion, and does not provide a basis for taking an appeal (*see Edge Mgt. Consulting v Irmas*, 306 AD2d 69 [2003]; *Schuster v Schweitzer*, 203 AD2d 552 [1994]). Concur—Lippman, P.J., Sweeny, Catterson, Acosta and Renwick, JJ.