Palionis v Jakobson Props., LLC (2018 NY Slip Op 00389)





Palionis v Jakobson Props., LLC


2018 NY Slip Op 00389


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


5503 150016/13

[*1]Gerard Palionis, Plaintiff-Appellant,
v
Jakobson Properties, LLC, et al., Defendants-Respondents.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 4, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this case, defendants owed no duty, statutory or otherwise, to plaintiff to provide continuous illumination in the stairway upon which plaintiff slipped during the ongoing blackout resulting from Hurricane Sandy (see e.g. Kopsachilis v 130 E. 18 Owners Corp., 11 NY3d 512 [2008]; Viera v Riverbay Corp., 44 AD3d 577 [1st Dept 2007]). Plaintiff's reliance on Goldstein v Consolidated Edison Co. of N.Y. (115 AD2d 34 [1st Dept 1986], lv denied 68 NY2d 604 [1986]), is misplaced as the defendant in Goldstein created a dangerous situation by encouraging the tenants to use the unlighted stairways to fetch water from the fire hydrant that the building superintendent had opened up for them. Here, nothing in the record shows that defendants encouraged plaintiff or other tenants to use the unlighted stairs in any way. To the extent plaintiff is arguing that defendants voluntarily assumed a duty of care by taking affirmative acts to alleviate the hazardous condition, and that he relied on such acts to his detriment, the record does not demonstrate that he relied on the actions taken by defendants in deciding to use the stairs to leave the building (see Heard v City of New York, 82 NY2d 66, 72-73 [1993]; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 523 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK