■ PATRICIA CHEESEMAN et al., Respondents, v INSERRA SUPERMARKETS, INC., Doing Business as SHOP RITE, Defendant, and RELIABLE CART SERVICE, INC., Appellant.—Harvey, J.

Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered April 4, 1990 in Rockland County, which denied a motion by defendant Reliable Cart Service, Inc. for summary judgment dismissing the complaint against it.

Defendant Inserra Supermarkets, Inc. owned and operated a Shop Rite grocery store in the Village of Suffern, Rockland County. The shopping carts for the store were maintained and repaired by defendant Reliable Cart Service, Inc. (hereinafter defendant). Defendant asserts that pursuant to its oral contract with Inserra, the grocery store would first separate damaged carts from operable carts and place them in the rear of the store where defendant would periodically visit and repair them. Defendant would also occasionally check the carts in the front of the store with Inserra's permission to see if there were any other carts that should be put in the back for repair. Defendant was never asked to roam through the store and inspect carts being used by customers. Sometimes Inserra would call defendant in to repair carts when a large number accumulated in the back of the store and other times defendant would just stop by on its own every few weeks. According to defendant's representative, this was the limit of its duties under the contract with Inserra.

On February 17, 1985 at 11:00 A.M., plaintiff Patricia Cheeseman (hereinafter plaintiff) and her husband arrived at Inserra's store to do some shopping. Plaintiff selected an apparently operable cart from the front of the store and set off to select groceries. With no difficulty, plaintiff traversed several aisles turning both right and left and proceeded to fill her cart as she progressed through the store. When her cart was three quarters full, however, the cart unexpectedly came to a stop and could not be moved. When plaintiff tried to free the cart from the front with her right hand, the cart toppled over while plaintiff's hand was still entangled in the front of the cart. As a result, plaintiff was pulled down on top of the cart and was injured. After the fall, she observed that the front wheel of the cart was bent inward.

Following joinder of issue of the instant action, defendant moved for summary judgment dismissing the complaint against it. Supreme Court denied this motion and this appeal followed.

We reverse. The standard employed for summary judgment motions is well known. The moving party has the initial burden of making a prima facie showing of entitlement to

such relief as a matter of law (CPLR 3212 [b]; *see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Amedure v Standard Furniture Co.,* 125 AD2d 170, 172). Only then does the burden shift to the party opposing the motion "to produce evidentiary proof in admissible form to establish the existence of such facts which require a trial of the action" *(Du Pont v Town of Horseheads,* 163 AD2d 643, 644). In other words, "it is imperative that a plaintiff opposing a defendant's motion for summary judgment assemble, lay bare and reveal his proofs in order to show that the allegations in the complaint are real and capable of being established upon a trial" *(supra,* at 645).

Here, defendant established its initial burden by submitting documentary evidence and affidavits establishing the limited nature of the oral contract between defendant and Inserra and the fact that neither of these entities had any knowledge whatsoever of a defect in the wheel of the shopping cart utilized by plaintiff at the time of her accident. Additionally, defendant produced an excerpt from plaintiff's own examination before trial testimony indicating that there were no observable problems with the subject shopping cart and that plaintiff operated it normally for quite some time until it allegedly locked. She also concedes that she did not notice a bent wheel on the cart until *after* it had toppled over. This proof cumulatively supports an inference that defendant was not negligent in any respect and it then became incumbent upon plaintiff to produce at least *some* proof of negligence so as to require a jury trial to resolve the conflict.

However, in opposition to this proof, plaintiff submitted nothing to meet this burden such as proof that defendant was negligent with respect to this cart, had some sort of actual or constructive notice that there were any difficulties with it before plaintiff used it, or even that defendant had ever inspected this cart at all. In fact, all plaintiff submitted in opposition to defendant's motion were two affidavits from her attorney which were not based upon first-hand knowledge and were completely without evidentiary value *(see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Harper v Murphy Overhead Doors,* 131 AD2d 966). Moreover, plaintiff's brief does no more than speculate that a jury could possibly disbelieve defendant's proof and therefore find in her favor *(see, Du Pont v Town of Horseheads, supra).* Clearly this type of conjecture is insufficient to withstand a motion for summary

judgment and, therefore, Supreme Court erred in not granting defendant's motion.*

Mahoney, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Reliable Cart Service, Inc.

---

* We come to this conclusion because of our determination of the only issues raised on appeal and the papers submitted thereon. However, we wish to avoid any possible misconception that the arrangement between defendant and Inserra created any liability on the part of defendant to plaintiff *(cf., Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226).