■ ENRIQUE MORALES, Respondent, v FOODWAYS, INC., Appellant.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered March 10, 1992, which denied defendant's motion for summary judgment, unanimously reversed, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant granting summary judgment and dismissing the complaint.

Plaintiff alleges that he slipped and fell backwards while in defendant's supermarket, losing consciousness. In his deposition testimony, plaintiff stated that he had not observed the condition of the floor prior to the fall, but had discovered tomato under his shoe and on his clothing afterwards. By contrast, in his affidavit in opposition to defendant's summary judgment motion, plaintiff claimed, "I noticed as I went through the fruit and vegetable aisle that there were a few store employees milling about; stacking the fruit and picking out bad fruit." Plaintiff also offered that his wife, who had been in the store earlier accompanied by plaintiff's sister-in-law, told him that "she had noted a lot of fruit and vegetables lying on the floor, together with dried leaves, wrappings, and pieces of fruit, and that this was in the very same aisle where I had my accident."

Supreme Court concluded that plaintiff failed to present evidence that defendant had notice of the defective condition in the form of affidavits of the witnesses but nevertheless denied defendant's motion, holding that a question exists

whether or not defendant's employees created the dangerous condition.

On appeal, defendant contends that no evidence has been offered to show either that its employees had created the condition or that it otherwise had actual or constructive notice that a danger existed. Plaintiff, who has failed to produce proof of notice in admissible form (*Zuckerman v City of New York,* 49 NY2d 557, 562), advances only the theory that defendant's employees created the condition which gave rise to his injury. He asserts that the evidence "in its totality, permits the inference, creating a question of fact for jury determination, to wit: that it was the waste from the goods being handled by the Defendant-Appellant's own employees, in the same area where the Plaintiff fell, that caused and created the dangerous condition which precipitated the accident."

Plaintiff's theory is pure speculation. Even accepting the hearsay statements offered by plaintiff, they establish only that debris was present on the floor some two hours before the accident. There is no evidence—hearsay or otherwise—regarding the condition of the floor immediately prior to the incident. Nor is there any evidence that the tomato, on which plaintiff indicates he slipped, came to be on the floor as a result of the actions of defendant's employees rather than as the result of being dropped by a customer.

Neither of the cases relied upon by plaintiff, *Dillon v Rockaway Beach Hosp. & Dispensary* (284 NY 176) and *Cameron v Bohack Co.* (27 AD2d 362), supports plaintiff's position. In *Dillon (supra,* at 179), the Court of Appeals stated: "Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of *remote* possibilities that the injury was not caused by the defendant or that the defendant was not negligent" (emphasis in original). Addressing precisely this point, the Appellate Division, Second Department in *Cameron v Bohack Co. (supra,* at 364) noted, "The likelihood that debris found in an aisle was due to spilling from broken packages after careless handling by a customer is not remote; it is at least as great as the likelihood that an employee was responsible for the presence of the debris". The mere proximity of defendant's employees to the site of the accident, even if established, does not require the inference that the condition was created by defendant (*Russell v Meat Farms,* 160 AD2d 987, 988).

Finally, plaintiff's contention that defendant has failed to

submit an affidavit offering proof that its employees did not create the condition is disingenuous. The burden rests on the party opposing a motion for summary judgment "to submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729) or to furnish an "acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York, supra,* at 562). Concur —Wallach, J. P., Kupferman, Asch and Rubin, JJ.