■ JOSEPH CATALDO et al., Respondents, v WALDBAUM, INC., Appellant. [664 NYS2d 126] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated December 20, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Joseph Cataldo was injured when he was caused to fall after the front wheels of a shopping cart he was pushing

fell off. Thereafter, he commenced this suit to recover for those injuries. After issue was joined and depositions were held, the defendant moved for summary judgment dismissing the action. The motion was denied.

The defendant's motion for summary judgment should have been granted. The defendant established that it regularly inspected and removed from service any defective shopping carts found in its stores. Further, Joseph Cataldo admitted that he was using the shopping cart in question for about 15-20 minutes before its front wheels fell off and caused him to fall. This was sufficient to make out a prima facie case that the defendant had no notice, either actual or constructive, of any defective condition prior to the accident, thus entitling it to summary judgment dismissing the action (*cf., Albergo v Deer Park Meat Farms,* 138 AD2d 656; *see also, Cheeseman v Inserra Supermarkets,* 174 AD2d 956; *see generally, McLaughlan v Waldbaums, Inc.,* 237 AD2d 335).

The burden thus shifted to the plaintiffs to proffer evidence showing the need for a trial on the issue of notice. However, the plaintiffs failed to meet this burden, since their opposition papers consisted solely of their counsel's bare affirmation (*see, Zuckerman v City of New York,* 49 NY2d 557). Since the plaintiffs failed to meet their burden, the defendant's motion to dismiss the action should have been granted. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.