■ AUGUST OLIVERI, JR., Respondent, v JAMES OLIVERI, as Executor of AUGUSTINE R. OLIVERI, Deceased, Appellant. [673 NYS2d 604] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 8, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff failed to demonstrate that the defendant's

decedent created the defective condition complained of or had actual notice thereof (*see, Cataldo v Waldbaum, Inc.*, 244 AD2d 446; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281; *Raimondi v New York Racing Assn.*, 213 AD2d 708; *Cheeseman v Inserra Supermarkets*, 174 AD2d 956). Nor was there evidence that the defect was visible and apparent and that it existed for a sufficient length of time prior to the accident to permit the decedent to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Ruggiero v Waldbaums Supermarkets*, 242 AD2d 268; *Ferlito v Great S. Bay Assocs.*, 140 AD2d 408).

The plaintiff's contention that he is entitled to recovery on a theory of res ipsa loquitur is raised for the first time on appeal and is therefore not properly before this Court (*see, Lerman v Medical Assocs.*, 160 AD2d 838; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.