■ KATHY L. PINTO et al., Appellants, v LITTLE FISH CORP., Respondent. [709 NYS2d 61] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about June 4, 1999, which, in an action to recover for personal injuries sustained in a slip and fall on defendant restaurant's premises, upon reargument, adhered to a prior order granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Giving plaintiff the benefit of every favorable inference, it can only be said that a spill caused her to fall. There being no evidence of how long the spill had been on the floor, plaintiff's assertion that defendant's employees had constructive notice thereof is pure speculation based on nothing more than that the premises are a restaurant where water and beverages are served (*see, Morales v Foodways, Inc.*, 186 AD2d 407; *see also, Gordon v American Museum of Natural History*, 67 NY2d 836, 838). Nor can plaintiff invoke the doctrine of res ipsa loquitur for the purpose of showing that the spill was created by an employee of defendant, where the spill was within 15 feet of the bar, in the pathway to the restroom and in an area accessible to customers as well as employees of the restaurant. Thus, plaintiff cannot sustain the exclusive control element of her res ipsa claim. As likely as not the spill was created by a customer with a drink in a crowded restaurant (*see, Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623). Concur—Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.