■ JOSE SANABIA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [742 NYS2d 215] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered June 21, 2001, which granted defendant New York City Transit Authority's posttrial motion for judgment as a matter of law dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff asserts that after he walked through open doors from the Port Authority's premises onto a Transit Authority ramp that sloped downward to its subway station, he slipped and fell, allegedly on dust that emanated from the cutting of sheetrock on the Port Authority's premises. However, plaintiff did not see any dust on the ramp before he fell, neither he nor his witness could say how long the dust had been on the ramp, and there was no evidence of prior accidents or complaints involving dust on the ramp. Under these circumstances, no valid line of reasoning could possibly lead to the findings of constructive notice urged by plaintiff that the dust on which he slipped was present for a long enough period of time before he fell to allow the Transit Authority to discover and remove it, or that the Transit Authority routinely failed to address a dangerously slippery dust condition on the ramp (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *O'Rourke v Williamson, Picket, Gross*, 260 AD2d 260; *Chaney v Abyssinian Baptist Church*, 246 AD2d 372, *lv denied* 92 NY2d 805). That the Transit Authority may have had a general awareness that the nearby construction was generating dust on its property does not permit an inference of constructive notice (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.