■ REGINA DOMBROWER et al., Respondents, v MAHARIA REALTY CORP., Appellant. [745 NYS2d 167] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered November 7, 2001, which, in an action to recover for, inter alia, personal injuries sustained in a slip and fall on defendant's premises, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In order to constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[ ] * * * to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Neither the injured plaintiff Regina Dombrower nor her husband, plaintiff Morris Dombrower, could identify the substance on which she slipped. Moreover, plaintiffs offered no testimony disclosing how long the allegedly slippery condition existed on the floor where the injured plaintiff fell. Therefore, there is no evidence to permit a finder of fact to infer, without speculating, that defendant had constructive notice of a dangerous condition (*see, Joseph v Chase Manhattan Bank*, 277 AD2d 96; *Pinto v Little Fish Corp.*, 273 AD2d 63). Plaintiffs further claim that defendant created the unidentified condition on which the injured plaintiff slipped. That claim, however, is wholly speculative as it is unsupported by any evidence in the record, and therefore insufficient to defeat summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Smith v Johnson Prods. Co.*, 95 AD2d 675, 676). Concur—Mazzarelli, J.P., Lerner, Marlow and Gonzalez, JJ.