■ JOSEPH GALATI et al., Appellants-Respondents, v NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION et al., Respondents-Appellants, and SERVICE AMERICA CORPORATION, Respondent. [747 NYS2d 76]

Plaintiff, an electrical maintenance worker at the Jacob Javits Center, sustained injury when he slipped on water that had accumulated in a hallway leading to his locker room. Also located in this area is an ice machine, acknowledged to have been in service at the time, from which ice is customarily obtained by employees of defendant Service America Corporation, the food vendor at the Javits Center. Plaintiff alleges that, upon his arrival at work, he saw people, whom he understood to be Service America workers, loading ice onto carts at the ice machine. As he walked toward his locker room, which was approximately 100 yards from the ice machine, he saw two Service America workers carting ice in the same service corridor. He states further that he has frequently observed water dripping from the carts used to transport the ice throughout the facility. After he fell, plaintiff noticed that his back and legs were wet and identified the substance as water.

Service America's general manager conceded that other situations had arisen where ice had fallen from carts or puddles had formed during the transport of ice, even though it is the company's practice to promote the use of waterproof bags by employees to reduce the incidence of spills. The manager stated that he had been notified about such spills prior to plaintiff's injury and had held discussions with Javits Center management about safety concerns, such as slipping. He did not, however, receive any notice of ice that had spilled or water

that had dripped in the subject corridor on the date of plaintiff's fall. He further noted that Service America is not the only entity that is permitted to transport ice throughout the facility.

The Risk Manager for nonparty New York Convention Center Operating Corporation confirmed that discussions regarding safety matters were held with Service America. He testified that there had been at least one complaint of spilled ice before plaintiff's accident.

The Director of Cleaning Services for the Javits Center testified that while his department was responsible for cleaning the particular corridor, a show was being held at the time. Therefore, his workers would not have been assigned to monitor the corridor or clean up spills, responsibility for which would have passed to Service America.

Supreme Court concluded that the evidence is insufficient to hold Service America responsible for the accident without resort to inference and speculation. We do not agree. The risk of spilled water is inherent in the activities conducted by Service America, its use of the ice machine is undisputed, and its employees were observed by plaintiff with an ice cart in the corridor just 20 minutes before he fell (*cf. Pinto v Little Fish Corp.*, 273 AD2d 63). The cumulative evidence presents a sufficient likelihood that the hazardous condition was caused by Service America's employees so as to withstand defendant's motion for summary judgment (*see Alvarez v New York City Hous. Auth.*, 295 AD2d 225). Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.