■ SHERYL D. DOIZE, Appellant, v HOLIDAY INN RONKONKOMA, Respondent. [774 NYS2d 792]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Lifson, J.), dated April 24, 2003, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered June 25, 2003, which, upon the order, dismissed the complaint.

Ordered the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly slipped and fell on a foreign substance in the bathtub of a hotel room owned by the defendant. Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it "should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy,* 35 NY2d 361, 364 [1974]). "The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist" (*Roth v Barreto,* 289 AD2d 557, 558 [2001]). Moreover, in determining a motion for summary judgment, facts alleged by the nonmoving party and inferences which may be drawn from them must be accepted as true (*see O'Neill v Town of Fishkill,* 134 AD2d 487, 489 [1987]). Under the circumstances, and applying that standard, triable issues of fact exist as to whether the foreign substance existed at all and whether the defendant created the alleged dangerous condition by negligently cleaning its bathtub (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The plaintiff's contention that the doctrine of res ipsa loquitur applies to this case, raised for the first time on appeal, is not properly before this Court (*see Oliveri v Oliveri,* 251 AD2d 561,

562 [1998]). H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.