■ KEVIN BERGER, Respondent, v ISK MANHATTAN, INC., et al., Appellants, et al., Defendant. [781 NYS2d 648]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 11, 2003, which denied defendants-appellants' motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff commenced the instant action for personal injuries against defendants, the owners and/or operators of a McDonald's restaurant, after he slipped and fell on the interior stairs of the establishment on a rainy day. Plaintiff's deposition testimony establishes that he ascended the stairs after buying food and proceeded to the second floor, the only location for seating. He noticed a few wet spots on the stairs, but did not alert any store employees. Five minutes later, plaintiff went down the same stairs to get a straw and when he stepped onto the first landing, his foot slipped and he slid down three or four steps, injuring his foot in the process. After falling, plaintiff observed a "dark, shiny wet patch" on the landing, about three inches in diameter.

Plaintiff did not see any wet spot on the landing where he fell during his initial trip up the stairs. During the time plaintiff was upstairs, at least two other customers came up the stairs to the seating area. Defendant's manager testified that two employees were assigned to clean the restaurant and stair area, but had no set schedule. The manager further testified that she walked up and down the stairs after plaintiff's accident and observed no wet spots on the stairs.

Defendants moved for summary judgment, arguing that there was no evidence that they had actual or constructive notice of the wet spot that caused plaintiff's fall. Plaintiff opposed, arguing that triable issues of fact existed as to whether defendants had constructive notice of the defect. Plaintiff also submitted an expert affidavit from an engineer who opined that defendants breached a separate duty of care in failing to provide a "safety patrol person" to monitor the foreseeable risk of customers spilling beverages on the stairs. The expert further alleged that

the restaurant stairs violated the Administrative Code of the City of New York.

Supreme Court denied defendants' motion, ruling that they failed to demonstrate entitlement to summary judgment. The court further stated that plaintiff's testimony that he did not see the wet spot during his earlier ascent of the stairs "does not mean that the water was not there." We reverse.

"In order to constitute constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[ ] . . . to discover and remedy it' " (*Dombrower v Maharia Realty Corp.*, 296 AD2d 353 [2002], quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

In this case, defendants have shown that there is no evidence from which a jury could reasonably conclude that the wet spot upon which plaintiff slipped existed for a sufficient period of time that defendants could have discovered and remedied it (*Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107 [2000]). Plaintiff admits not having seen the subject wet spot on the landing during his initial ascent of the stairs (*see Sanabia v New York City Tr. Auth.*, 294 AD2d 138 [2002], *lv denied* 99 NY2d 501 [2002]), despite having seen a few small wet spots in other areas. Furthermore, plaintiff offered no other evidence relevant to the question of how long the wet spot existed prior to the accident (*Dombrower*, 296 AD2d at 353; *Pinto v Little Fish Corp.*, 273 AD2d 63 [2000]); *cf. Jacques v Richal Enters. Inc.*, 300 AD2d 45, 45-46 [2002]), or that the defect existed for a sufficient period in which only defendants' employees were in the area (*see Deluna-Cole v Tonali, Inc.*, 303 AD2d 186, 186-187 [2003]; *Rose v Da Ecib USA*, 259 AD2d 258, 260 [1999]).

Given the total lack of evidence on the issue of the length of time the defect was present, as well as plaintiff's admission that two other customers used the stairs in the few minutes prior to the accident (*see Keum Choi*, 278 AD2d at 107), a finding that defendants had constructive notice of the wet spot upon which plaintiff fell would rest entirely on speculation (*Dombrower*, 296 AD2d at 353). Accordingly, there being no evidence to refute defendants' showing that they had neither actual nor constructive notice of the dangerous condition, summary judgment should have been granted.

Plaintiff's alternative theories of liability are equally flawed. His expert's claim that defendants were obligated to provide a special safety employee to monitor the condition of the stairs or otherwise provide essentially continuous inspection of the area

is inconsistent with our precedents (*see Garcia v Delgado Travel Agency Inc.*, 4 AD3d 204 [2004]; *Keum Choi*, 278 AD2d at 107), and would obviously eliminate the requirement of notice. Nor did the expert's assertion that defendants' stairwell violated the Building Code raise a triable issue as to defendants' negligence, where any alleged violation of such provisions was clearly unrelated to plaintiff's slip and fall on a wet spot on the stair landing (*see Garcia v The Jesuits of Fordham, Inc.*, 6 AD3d 163 [2004]). Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ.