■ Luke Lucas, Respondent, v St. Barnabas Hospital, Appellant, et al., Defendant. (And a Third-Party Action.) [971 NYS2d 526]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 17, 2012, which, to the extent appealed from, denied defendant/third-party plaintiff St. Barnabas Hospital's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against St. Barnabas Hospital. The Clerk is directed to enter judgment accordingly.

Plaintiff, who was employed by third-party defendant Sodexho as a supervisor in the hospital's kitchen and dishwashing room, alleges that he was injured when he slipped and fell on water that had leaked from the commercial dishwashing machine onto its kitchen floor.

To the extent plaintiff alleges that the wet condition resulted from a defective condition in the dishwashing machine, the hospital established it did not have actual notice of a defective condition on the day of the accident (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; DeJesus v New York City Hous. Auth., 53 AD3d 410, 411 [1st Dept 2008], affd 11 NY3d 889 [2008]; Dombrower v Maharia Realty Corp., 296 AD2d 353 [1st Dept 2002]). While there is evidence of recurring problems with the dishwasher, the hospital established that it addressed such problems by retaining a service company to provide regular maintenance and to repair the machine whenever it broke down. The repair company had serviced the machine weeks before plaintiff's accident, and plaintiff himself testified that the machine appeared to be in good working condition when he left the night before his accident. General awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]). In light of the foregoing, we need not reach the hospital's remaining arguments. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Renwick, JJ.