■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SHAIA, Appellant. [977 NYS2d 663]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about April 13, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.

■ BETTY RAINEY, Appellant, v FRAWLEY PLAZA, LLC, et al., Respondents/Third-Party Plaintiffs-Respondents. IVERAGH CONSTRUCTION CORP., Third-Party Defendant-Respondent. [975 NYS2d 877]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered January 11, 2013, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was appropriate in this action where plaintiff was injured when she allegedly slipped and fell on dust while descending stairs in the lobby of the building in which she lived. Defendants Frawley Plaza, LLC, Putnam Holding Corp., and UA Development Corp. were the owners and property managers of the building, and Iveragh Construction Corp. was performing renovations in the building. Defendants submitted evidence that they lacked notice of the allegedly defective condition by showing that the twice-daily cleaning schedule of the lobby was followed on the day of and the day before plaintiff's fall (see Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]).

Plaintiff's opposition failed to raise a triable issue of fact as to notice. In the same vein, plaintiff's claim that Iveragh caused and created the dust condition was speculative (see Morales v Foodways, Inc., 186 AD2d 407 [1st Dept 1992]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.