Plaintiff alleges that she slipped and fell on water near the bottom of an escalator going from the third to the second floor while shopping in a J.C. Penney store. Plaintiff does not contend that defendant created the wet condition, but alleges that it had actual or constructive notice of it through the presence of its employees in the area.
Defendant established prima facie that it did not have actual notice by presenting evidence that, before the accident, the department supervisor who was responsible for the area was unaware of the alleged wet condition and that the loss prevention officer had received no complaints about the area (see Early v Hilton Hotels Corp., 73 AD3d 559, 561 [1st Dept 2010]). The testimony of the department supervisor also demonstrated prima facie that defendant lacked constructive notice of the condition, since she testified that she conducted an inspection of *572 the entire second floor, including the area where plaintiff fell, within the hour preceding plaintiffs accident, and saw no wet or dangerous condition, except some hangers, which she picked up (see Evangelista v Church of St. Patrick, 103 AD3d 571 [1st Dept 2013]; Smith v Costco Wholesale Corp., 50 AD3d 499, 500-501 [1st Dept 2008]). While the department supervisor’s testimony wavered as to the exact time that she inspected the “specific” spot where plaintiff fell, her testimony over all was clear that she had started the floor inspection about an hour before the accident and inspected the area near the escalator about one-half hour before plaintiff fell. Further, plaintiffs own testimony that she had passed by the same area within the hour preceding her accident and had not noticed any water on the floor also demonstrates that the water spot was not “visible and apparent” and did not “exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it” (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Viera v Riverbay Corp., 44 AD3d 577 [1st Dept 2007]; Berger v ISK Manhattan, Inc., 10 AD3d 510 [1st Dept 2004]).
In opposition, plaintiff presented no evidence sufficient to raise an issue of fact as to actual or constructive notice, but only speculated that an employee she noticed standing near the bottom of the escalator may have seen the spot of water before plaintiff fell (see Gordon, 67 NY2d at 838; Berger, 10 AD3d at 512). Concur — Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.