■ IDANIA SIERO, Respondent, v WESTERN BEEF PROPERTIES INC. et al., Appellants. [989 NYS2d 290]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 3, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff testified at her deposition that, on July 10, 2009, she slipped and fell on liquid spilling from a bottle of Pine-Sol that had been knocked over on the bottom shelf of a rack at defendants' supermarket. Defendants' motion for summary judgment should have been granted. Defendants made a prima facie showing that they lacked actual or constructive notice of the hazardous condition by submitting the deposition testimony of Walter Hernandez, the assistant manager on duty at the time of plaintiff's fall, as well as his affidavit in which he stated that he routinely inspects the store, and "had just passed" the area where the accident is alleged to have occurred approximately five to ten minutes earlier, and did not observe a spill or liquid of any type on the floor (*see Gautier v 941 Intervale Realty LLC*, 108 AD3d 481 [1st Dept 2013]).

In opposition, plaintiff failed to raise an issue of fact. Contrary to plaintiff's argument that the affidavit was feigned, there is no inconsistency between Hernandez's deposition and his affidavit. Nor are any facts presented to support a conclusion that defendants had notice, actual or constructive, of the claimed condition and a reasonable time to correct same (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; see also Grant v Radamar Meat, 294 AD2d 398 [2d Dept 2002]). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.