■ Masoud Rejaee, Respondent, v Costco Price Club, Appellant. [33 NYS3d 710]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 1, 2015, which, insofar as appealed from, denied the motion of defendant Costco Price Club (Costco) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that after shopping at Costco for at least 20 minutes, one of the wheels of his shopping cart fell off. According to plaintiff, he was injured when he tried to keep the cart from falling over.

Costco established its entitlement to judgment as a matter of law by submitting, inter alia, plaintiff's testimony that he noticed nothing wrong with the cart when he began using it, until one of its wheels began to wobble 10 minutes later. Accordingly, Costco showed that the defect was not visible and apparent, and did not exist for a sufficient amount of time for it to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Cataldo v Waldbaum, Inc.*, 244 AD2d 446 [2d Dept 1997]).

In opposition, plaintiff failed to raise a triable issue of fact. Contrary to the motion court's finding, plaintiff did not testify

that he told a Costco employee of the wheel after it began to wobble, but only that he asked an employee if he could use the employee's cart. Plaintiff's wife also testified that neither she nor plaintiff ever informed any Costco employee of a problem with the cart. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.