■ DEENA FELLNER, Appellant, v AEROPOSTALE, INC., Respondent. [52 NYS3d 628]—

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about August 5, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law, in this action where plaintiff alleges that she slipped and fell on water on the floor of defendant's store, near the cash registers. Defendant demonstrated that it lacked actual or constructive notice of the hazardous condition by submitting a surveillance video depicting its assistant manager walking past the alleged wet condition minutes before plaintiff's fall, as well as the employee's deposition testimony and affidavit stating that she observed no water or liquid in that area (*see Siero v Western Beef Props. Inc.*, 119 AD3d 488 [1st Dept 2014]).

In opposition, plaintiff failed to raise an issue of fact as to whether defendant had notice of the condition. There is no evidence showing how long the wet condition existed in the first instance. Moreover, both defendant's assistant manager and plaintiff testified that they did not see the water before plaintiff's fall. Thus, there was no proof that the condition was "visible and apparent" so as to constitute constructive notice (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Gomez v J.C. Penny Corp., Inc.*, 113 AD3d 571, 572 [1st Dept 2014]).

Plaintiff's argument that defendant refused to produce other videotapes in discovery is precluded by her failure to perfect her appeal from the orders denying her prior motion for discovery relief, and the dismissal of her appeal therefrom (*see Bray v Cox*, 38 NY2d 350, 353 [1976]). Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.