Fernandez v JPMorgan Chase Bank, NA (2019 NY Slip Op 01645)





Fernandez v JPMorgan Chase Bank, NA


2019 NY Slip Op 01645


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8609 161020/14E

[*1]Jose Fernandez, Plaintiff-Respondent,
v
JPMorgan Chase Bank, NA, et al., Defendants-Appellants.


Connell Foley LLP, New York (Christopher Abatemarco of counsel), for JPMorgan Chase Bank, NA, appellant.
Rubin, Fiorella & Friedman LLP, New York (Steward B. Greenspan of counsel), for United Building Maintenance Associates, Inc., appellant.
Law Offices of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldstein of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 4, 2018, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that he slipped and fell on a wet condition on the staircase between the first and second floor of defendant bank about a half hour after the bank opened. Defendants established their entitlement to judgment as a matter of law by submitting evidence showing that they did not create or have actual or constructive notice of any wet condition on the stairs. Defendants submitted surveillance video of plaintiff and other customers going up and down the stairwell without incident during the half hour before the accident, as well as the testimony of the bank's branch manager that she did not receive any complaints and did not observe any liquid or water on the steps when she was on them during that period (see Fellner v Aeropostale, Inc., 150 AD3d 598 [1st Dept 2017]; Gomez v J.C. Penny Corp., Inc., 113 AD3d 571 [1st Dept 2014]).
Defendants also relied on plaintiff's testimony that, in the 15 minutes before his accident, he had gone up and down the stairs without incident and did not notice any liquid or water on the steps, demonstrating that the alleged dangerous condition was not visible and apparent for a sufficient time before the accident to provide constructive notice (see Luna v CEC Entertainment, Inc., 159 AD3d 445 [1st Dept 2018]; Rosario v Haber, 146 AD3d 685 [1st Dept 2017]). Although plaintiff did testify that he saw a woman with a mop coming down the stairs as he was going upstairs the first time, implying that she could have caused the wet condition, he acknowledged that the surveillance video did not show any woman with a mop. Furthermore, defendants' witnesses stated that the daytime worker for defendant United Building Maintenance Associates, Inc. was only responsible for cleaning the area near the ATM machines on the first floor and never mopped, and that the staircase was cleaned by night personnel.
In opposition, plaintiff failed to raise an issue of fact as to actual or constructive notice, [*2]and only speculated that the condition may have been created by the employee who had a mop in the area of the steps prior to his accident (see Rainey v Frawley Plaza, LLC, 112 AD3d 453 [1st Dept 2013]; Morales v Foodways, Inc., 186 AD2d 407, 408 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK