Kennedy v 30W26 Land, L.P. (2020 NY Slip Op 00494)





Kennedy v 30W26 Land, L.P.


2020 NY Slip Op 00494


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10846 157375/15

[*1] Cheryl Kennedy, Plaintiff-Appellant,
v
30W26 Land, L.P., Defendant, Hill Country New York, LLC, et al., Defendants-Respondents.


Morgan Levine Dolan, P.C., New York (Simon Q. Ramone of counsel), for appellant.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered March 22, 2019, which granted the motion of defendants Hill Country New York, LLC and Hill Country Barbecue Market for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff alleges that she was injured when she slipped and fell on a puddle of water on the floor near the table where she was sitting at defendants' restaurant. Defendants established their prima facie entitlement to judgment as matter of law by showing that they neither created nor had notice of the wet condition that caused plaintiff's fall. Defendants submitted evidence including their employee's testimony that she did not see any puddles when she checked the area 5-to-10 minutes before the accident and that she had not received any complaints (see Gagliardi v Compass Group, USA, Inc., 173 AD3d 574 [1st Dept 2019]; Gomez v J.C. Penny Corp., Inc., 113 AD3d 571 [1st Dept 2014]). In addition, plaintiff, her daughter and her daughter's then-fiancé stated they did not notice anyone spill water, or see any water on the floor before the accident. Under the circumstances, the condition "was not sufficiently visible and apparent to charge defendants with constructive notice" (Valenta v Spring St. Natural, 172 AD3d 623, 623 [1st Dept 2019]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
In opposition, plaintiff failed to raise a triable issue of fact. She did not dispute that defendants established that they did not have actual notice of or create the condition, and the testimony of plaintiff and her daughter that the water was dirty and had footprints is insufficient to raise an issue of fact as to constructive notice. All of the witnesses testified that the condition was neither visible nor apparent shortly before the accident (see Valenta at 623-624; Mehta v Stop & Shop Supermarket
Co., LLC, 129 AD3d 1037, 1039 [2d Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK