Castaldo v Manhattan Mini Stor. LLC (2022 NY Slip Op 06863)

Castaldo v Manhattan Mini Stor. LLC

2022 NY Slip Op 06863

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 159271/18 Appeal No. 16762 Case No. 2022-02423 

[*1]Michael Castaldo et al., Plaintiffs-Appellants,
v
Manhattan Mini Storage LLC, et al., Defendants-Respondents.

Mischel & Horn, New York (Scott T. Horn of counsel), for appellants.
Cozen O'Connor, New York (Eric J. Berger of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 3, 2022, which denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this case of a slip and fall on a landing of a staircase, defendants made a prima facie showing of entitlement to judgment as a matter of law. Plaintiff Michael Castaldo testified that it was not raining when he first arrived at defendants' facility, and the landing platform was dry and free of debris, dirt, and mud. Plaintiff was inside the building for only 45 minutes to one hour. When he left the building, it was raining, and only after his fall did he see "slimy, muddy debris with water from the rain." The facility's general manager testified that no one had made a complaint about the staircase, and had there been a complaint, a porter would have been immediately notified to clean the staircase. Based on this record, the dangerous condition could have only existed for, at most, 45 minutes to an hour, and possibly only minutes before plaintiff's accident, which is not a sufficient period of time for defendants to have discovered and remedied the condition (see Berger v ISK Manhattan, Inc., 10 AD3d 510, 512 [1st Dept 2004]; Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]). Plaintiffs failed to raise an issue of fact as to actual or constructive notice of the dangerous condition.
Nor is there any evidence to suggest that defendants created the condition. Plaintiff claims that defendants painted the landing platform shortly before the accident, relying solely on the general manager's testimony that the staircase was "always being painted," as part of defendants' regular maintenance. However, there is no evidence that the staircase was painted that day, or at any other time close to plaintiff's accident.
While defendants' expert tested the slip resistance of the landing, and found it to be within proper guidelines, in opposition, plaintiff's expert report failed to raise an issue of fact. Plaintiffs' expert failed to refute defendants' expert's slip resistant testing, and plaintiffs' contention that their expert could not perform such testing because
defendants had installed anti-slip treads on the stairs, is unavailing. Defendants did not install such treads on the landing where plaintiff allegedly slipped and fell.
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022