Rivera v ShopRite of Bruckner Blvd. (2025 NY Slip Op 05757)

Rivera v ShopRite of Bruckner Blvd.

2025 NY Slip Op 05757

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Index No. 813506/22|Appeal No. 4967|Case No. 2025-00697|

[*1]Orlando Rivera, Plaintiff-Respondent,
v
ShopRite of Bruckner Boulevard et al., Defendants-Appellants.

Shearer PC, Glen Head (Douglas Shearer of counsel), for appellants.
Segal & Lax, PC, New York (Patrick D. Gatti of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered January 8, 2025, which denied the motion of defendant Village Super Market of NY LLC doing business as ShopRite of Bruckner Boulevard for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that while he was shopping at a grocery store operated by defendant, his shopping cart, which he was pulling from the front, suddenly fell to the side, causing him to be injured when he tried to catch the cart to break its fall. Plaintiff testified that after the accident, he noticed that the front bottom frame of the cart was broken, and he maintains that the defect caused the cart's frame to break suddenly under the pressure of a normal load.
Defendant made a prima facie showing that it did not have actual or constructive notice of a defect in the shopping cart. Although plaintiff adequately identified the dangerous condition that allegedly caused his injury (see Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]), defendant's store manager testified that he did not find any defective carts during his usual inspection and attested that he had never seen or heard of similar accidents. Furthermore, plaintiff conceded at his deposition that the cart operated without issue for approximately 20 minutes before the accident, and that he had never had any prior accidents or complaints at the grocery store. This evidence is sufficient to demonstrate that defendant did not have any notice of the defective cart (see Cataldo v Waldbaum, Inc., 244 AD2d 446, 447 [2d Dept 1997]; see also Cheeseman v Inserra Supermarkets, 174 AD2d 956, 958 [3rd Dept 1991]). In opposition, plaintiff did not raise any triable issues of fact regarding notice.
Additionally, plaintiff did not establish that he is entitled to invoke the doctrine of res ipsa loquitur. Res ipsa does not apply to plaintiff's accident because the cart was not in defendant's exclusive control; on the contrary, plaintiff was using the cart immediately before the accident and the carts were generally made available to customers (see Pinto v Little Fish Corp., 273 AD2d 63, 63 [1st Dept 2000]; Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537, 538 [2d Dept 2006]).
In light of our determination, we need not consider the remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025