Bank of Am. v Sands

2026 NY Slip Op 02443

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Bank of America etc., Plaintiff-Respondent,

v

Nicholas J. Sands Also Known as Nicholas Sands, Defendant-Appellant, JPMorgan Chase Bank, N.A. as Successor to Washington Mutual Bank, F.A., et al., Defendants.

Decided and Entered: April 23, 2026

Index No. 810068/10|Appeal No. 6456|Case No. 2025-01291|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

The David R. Smith Law Group PLLC, New York (David R. Smith of counsel), for appellant.

Hinshaw & Culbertson LLP, New York (Leah R. Lenz of counsel), for respondent.

[*1]

Appeal from order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered or about January 14, 2025, which granted plaintiff's motion for a judgment of foreclosure and sale and to confirm the Referee's report as to the amount due on the mortgage, deemed appeal from the judgment, same court and Justice, entered April 23, 2025, awarding judgment to plaintiff, and, so considered, the judgment unanimously affirmed, with costs.

Supreme Court properly confirmed the Referee's report, as the findings are substantially supported by the record (see HSBC Bank USA, N.A. v Wu, 242 AD3d 599, 601 [1st Dept 2025]; CPLR 4403). Plaintiff's affiant proffered the business records on which the calculations were based, all the documents annexed to the Referee's report were previously filed electronically with Supreme Court, and plaintiff's attorney affirmation in support of the motion referenced the docket numbers of those documents (CPLR 2214[c]; see Matter of Dubuche v New York City Tr. Auth., 230 AD3d 1026, 1027 [1st Dept 2024]). Plaintiff's affiant established these documents as business records on which the calculations were based (CPLR 4518[a]). Defendant "identifies no evidentiary objections to the statements therein" and fails to identify any "unproduced business records," as his payment history after the default is specifically included (U.S. Bank N.A. v Tiburcio, 242 AD3d 591, 592 [1st Dept 2025]). Indeed, defendant was given the opportunity to submit evidence to the Referee showing any additional payments made or challenging the computations generally, but he failed to do so (see id.).

The failure to notice a hearing under CPLR 4313 is immaterial. Defendant was not prejudiced because he "opposed plaintiff's motion to confirm the report and had an opportunity to contest the report" (id., citing Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 630 [2d Dept 2014], affd 25 NY3d 355 [2015]; see also Wells Fargo Bank N.A. v Javier, 153 AD3d 1199, 1200 [1st Dept 2017]).

We decline to review defendant's challenge to proper service of the 90-day notice under RPAPL 1304, as he abandoned his appeal of the order which granted summary judgment to plaintiff after finding compliance therewith, and he failed to raise the issue in opposition to the motion for a judgment of foreclosure and sale (see Bray v Cox, 38 NY2d 350, 353 [1976]; Fellner v Aeropostale, Inc., 150 AD3d 598, 599 [1st Dept 2017]; see also Rules of App Div, All Depts [22 NYCRR] § 1250.10[a]; cf. Mongeau v SR Taxi Corp., 235 AD3d 500, 500-501 [1st Dept 2025]).

[*2]

On the merits, defendant's argument is unavailing. The loan documents demonstrate that the loan in question was not a "home loan" under the statutory definition (RPAPL 1304[6][a][1][iii]). Defendant admittedly did not live in this condominium unit at the time he signed the original mortgage agreement, the 1-4 Family Rider in the original agreement deleted the occupancy-by-borrower requirement (see Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975 [2d Dept 2023]), and the modified mortgage agreement included a second home rider precluding occupancy as a primary residence (see U.S. Bank N.A. v Simmons, 230 AD3d 621, 622 [2d Dept 2024]; JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1271 [3d Dept 2017]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026