■ IRENE A. MAJCHRZAK, Respondent, v HARRY's HARBOUR PLACE GRILLE, INC., et al., Appellants. [814 NYS2d 424]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered April 25, 2005 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on defendants' premises. In her complaint, plaintiff alleged that defendants were negligent in "creating and/or allowing to exist the wet, slippery and/or greasy condition in, on or about" the floor of the premises. She testified at her deposition that she fell "because the floor was slippery" but that she did not see any wet substance on the floor before she fell. She further testified that, after she fell, she could not get up "because [her] feet kept slipping against the wood floor. [She] couldn't get any traction to get up." We conclude that Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. Defendants met their burden of establishing their entitlement to judgment as a matter of law to the extent that plaintiff alleges that defendants had actual or constructive notice of the dangerous condition (*see Smith v May Dept. Store, Co.*, 270 AD2d 870 [2000]). Plaintiff failed to raise an issue of fact with respect to notice because, inter alia, she was unable to establish how long the alleged substance had been on the floor before she fell in order to charge defendants with constructive notice of the condition (*see id.; Monje v Wegman's Enters.*, 192 AD2d 1133 [1993]). Defendants also met their burden of establishing their entitlement to judgment as a matter of law to the extent that plaintiff alleges that the nature of the floor rendered it slippery. Defendants established as a matter of law that there had been no negligent application of wax or polish and that no " 'dangerous residue of wax was present on the floor' " (*Gracchi v Italiano*, 290 AD2d 484, 485 [2002]; *see Paul v Roman Catholic Church of Holy Innocents*, 226 AD2d 515 [1996]), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "The expert's [affidavit submitted by plaintiff] should have been disregarded as conclusory inasmuch as it was based upon observations of the floor made [well] after the accident" (*Kruimer v National Cleaning Contrs.*, 256 AD2d 1, 1 [1998];

see *Santo v Astor Ct. Owners Corp.*, 248 AD2d 267 [1998]). Present—Scudder, J.P., Kehoe, Martoche and Hayes, JJ.