SHERRIANNE GILBERT, Respondent, v EVANGELICAL LUTHERAN CHURCH IN AMERICA et al., Defendants, and PRINCE OF PEACE LUTHERAN CHURCH, Appellant. [842 NYS2d 644]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered February 14, 2007 in a personal injury action. The order denied the motion of defendant Prince of Peace Lutheran Church for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Prince of Peace Lutheran Church is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on black ice in a parking lot owned by Prince of Peace Lutheran Church (defendant church). The record establishes that, upon arriving at defendant church at approximately 11:00 A.M., plaintiff parked in a handicapped parking space and had no difficulty walking into defendant church. The record further establishes that, upon leaving defendant church at approxi-

mately 12:15 P.M., plaintiff slipped on black ice and fell next to her vehicle. Supreme Court erred in denying the motion of defendant for summary judgment dismissing the complaint against it. Plaintiff, as limited by her brief on appeal, contends only that defendant church had constructive notice of the allegedly dangerous condition, thus abandoning any contention that defendant church created the condition or had actual notice of it (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We conclude that defendant church met its initial burden of establishing that it did not have constructive notice of the allegedly dangerous condition (*see Lane v Wilmorite, Inc.*, 1 AD3d 907 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of its motion, defendant church submitted excerpts from the depositions of plaintiff and three witnesses. According to the deposition testimony of plaintiff, she had no recollection of the weather conditions that day, nor did she recall the condition of the parking lot upon either entering or exiting defendant church. The pastor of defendant church testified at his deposition that there was no ice anywhere in the parking lot when he arrived at 8:30 A.M., and the choir director of defendant church testified at his deposition that the parking lot was dry when he arrived at 9:30 A.M. The pastor further testified that he believed that the black ice formed from water that had dripped from the back of plaintiff's vehicle. We thus conclude that defendant church met its initial burden with respect to constructive notice by establishing that the ice formed after plaintiff had entered the church and did not exist for a long enough period of time to permit the employees of defendant church to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Lane*, 1 AD3d 907 [2003]). The deposition transcripts submitted by plaintiff in opposition to the motion established that, although there was no salt on the parking lot, there was no need for salt because there was no precipitation and the parking lot was dry that morning. Plaintiff failed to submit any evidence raising an issue of fact whether the ice had formed for a sufficient length of time prior to her accident to require the employees of defendant church to discover and remedy it (*see Gordon*, 67 NY2d at 838; *Lane*, 1 AD3d 907 [2003]), and her expert's affidavit was speculative on the issue of notice (*see Martin v RP Assoc.*, 37 AD3d 1017, 1019 [2007]). Indeed, we note that the affidavit of plaintiff's expert "merely addressed general conditions in the vicinity rather than the origin of the specific ice on which the plaintiff fell" (*Reagan v*

*Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.