■ Robin E. Bellassai et al., Appellants, v Roberts Wesleyan College, Respondent and Third-Party Plaintiff. Sodexho Marriott Management, Inc., Third-Party Defendant-Respondent. [872 NYS2d 842]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 22, 2007 in a personal injury action. The order and judgment granted the motions of defendant and third-party defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Robin E. Bellassai (plaintiff), an employee of third-party defendant, when she slipped and fell on the wet floor of a dining hall on defendant's campus. We conclude that Supreme Court properly granted the motion of defendant, joined in by third-party defendant, for summary judgment dismissing the complaint. Those parties met their

" 'burden of establishing that [defendant] did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof' " (*Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1377 [2008]; *see generally Fasolino v Charming Stores*, 77 NY2d 847 [1991]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). "Plaintiffs' speculation with respect to the source of the [wetness] and the length of time it was on the floor is insufficient to raise a triable issue of fact" to defeat the motions (*Anthony v Wegmans Food Mkts., Inc.*, 11 AD3d 953, 954 [2004]). Further, defendant's alleged " 'general awareness' that a dangerous condition may be present [on the floor in the area of plaintiff's fall] is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *see generally Gallais-Pradal v YWCA of Brooklyn*, 33 AD3d 660 [2006]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]). For the same reason, there is no merit to plaintiffs' further contention that a prior lawsuit concerning a slip-and-fall allegedly caused by wetness in a different portion of the dining hall several years before plaintiff's accident was sufficient to provide notice of the condition at issue in this case. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.