■ NPR, LLC, Respondent, v MET FIN MANAGEMENT, INC., et al., Appellants. [882 NYS2d 253]—

In an action pursuant to Debtor and Creditor Law article 10 to recover damages based upon a fraudulent conveyance, the defendants appeal from an order and interlocutory judgment (one paper) of the Supreme Court, Orange County (Alessandro, J.), dated December 4, 2007, which, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the first and second causes of action, granted that

branch of the plaintiff's motion which was for partial summary judgment on the issue of liability for an award of an attorney's fee and for punitive damages, denied their cross motion for summary judgment dismissing the complaint, and is in favor of the plaintiff and against them in the principal sum of $160,480.34 on the first and second causes of action.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability on its claim for punitive damages and substituting therefor a provision denying that branch of the motion, and deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the claim for punitive damages and substituting therefor a provision granting that branch of the defendants' cross motion; as so modified, the order and judgment is affirmed, with costs to the plaintiff.

The Supreme Court properly awarded the plaintiff summary judgment on its causes of action pursuant to Debtor and Creditor Law §§ 273 and 276, and properly found the defendants liable to the plaintiff for an award of an attorney's fee pursuant to Debtor and Creditor Law § 276-a. The plaintiff established its prima facie entitlement to judgment as a matter of law on its first cause of action by demonstrating that it was a creditor of its tenant and that the release or cancellation of the subleases, without consideration, rendered the tenant insolvent (*see* Debtor and Creditor Law §§ 270, 271 [1]; § 273; *Rima 106 v Alvarez,* 257 AD2d 201 [1999]; *O'Brien v Whigam,* 9 App Div 113 [1896]). In addition, the plaintiff established the following indicia of the fraudulent intent of both the debtor and Met Fin Management, Inc. (hereinafter Met Fin): (1) a close relationship between the parties to the transaction, (2) the inadequacy or absence of consideration, (3) the debtor's knowledge of its debt to the plaintiff and its inability to pay it, (4) the fact that the subleases were the only asset that the debtor owned sufficient to pay its obligation to the plaintiff, (5) the representation of the debtor and the defendants by the same attorney, and (6) the existence of a pattern or series of transactions or course of conduct after the debtor incurred its obligation to the plaintiff (*see Cadle Co. v Organes Enters., Inc.,* 29 AD3d 927 [2006]; *Dempster v Overview Equities,* 4 AD3d 495 [2004]). In response to these showings, the defendants failed to tender evidence in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In addition, the Supreme Court properly pierced the corporate

veil of Met Fin and held the individual defendant liable to the plaintiff. The individual defendant exercised complete domination of the corporation, which domination was used to commit a fraud or wrong against the plaintiff, and abused the privilege of doing business in the corporate form (*cf. Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141 [1993]; *Millennium Constr., LLC v Loupolover,* 44 AD3d 1016 [2007]; *see Ventresca Realty Corp. v Houlihan,* 41 AD3d 707 [2007]).

However, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the claim for punitive damages. The defendants' misconduct was not so gross and wanton as to justify an award of punitive damages (*see James v Powell,* 19 NY2d 249, 260 [1967]; *Cadle Co. v Organes Enters., Inc.,* 29 AD3d 927 [2006]; *Abalon Precision Mfg. Corp. v Flair Intl. Corp.,* 19 AD3d 338 [2005]; *Marine Midland Bank v Murkoff,* 120 AD2d 122, 131-132 [1986]; *cf. Keen v Keen,* 113 AD2d 964 [1985]).

The plaintiff's remaining contention is without merit (*see* CPLR 2001; *Matter of Tagliaferri v Weiler,* 1 NY3d 605 [2004]). Skelos, J.P., Fisher, Belen and Lott, JJ., concur.