SHEILA WILKOWSKI, Appellant, v BIG LOTS STORES, INC., et al., Respondents. [890 NYS2d 227]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered May 5, 2008 in a personal injury action. The order granted the motion of defendants South Ogden Associates, Donald H. Smith, doing business as South Ogden Associates, Gary S. Smith, doing business as South Ogden Associates, and Harold J. Smith, doing business as South Ogden Associates, and the cross motion of defendant Big Lots Stores, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell outside a store leased by defendant Big Lots Stores, Inc. (Big Lots) and owned by the remaining defendants (collectively, South Ogden defendants). According to plaintiff, defendants were negligent in causing snow and ice to accumulate on the property although, according to her deposition testimony, she recalled only that she slipped on a wet surface. Supreme Court properly granted the motion of the South Ogden defendants and that part of the cross motion of Big Lots for summary judgment dismissing the complaint and all cross claims. In support of their respective motion and cross motion, defendants submitted the deposition testimony of plaintiff, who testified that the entranceway to the store where she fell was "slippery" and "wet" but that she did

not know what caused her to fall. She further testified that it was "drizzling" outside at the time of the accident. Defendants also submitted the deposition testimony of the store manager, who testified that it had been raining that day and that the rain had turned to ice in the parking lot. The store manager did not testify, however, that ice had formed in the entranceway to the store. Based on that evidence, defendants met their initial burden by establishing that they lacked either actual or constructive notice of any allegedly dangerous condition and that they did not create it (*see Wilson v Walgreen Drug Store*, 42 AD3d 899, 900 [2007]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that the slippery, wet substance on which plaintiff slipped and fell was in fact black ice, we conclude that defendants established as a matter of law that any such ice " 'formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition' " (*Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1129 [2007]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.