■ DALE R. STEELE et al., Appellants, v TIMOTHY LAFFERTY, Respondent. [915 NYS2d 777]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 28, 2010 in a personal injury action. The order granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Dale R. Steele (plaintiff) when she slipped and fell outside of the property leased by plaintiffs from defendant. According to plaintiffs, defendant was negligent in permitting snow and ice to accumulate on the property. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. In support of the motion, defendant submitted the deposition testimony of plaintiff, who testified that she had walked over the area of her fall approximately 40 minutes prior thereto and did not "notice anything at all in particular about [the] area." Plaintiff further testified that she did not know why she fell until she observed ice on the ground after she had fallen. In addition, plaintiffs testified at their depositions that the tenants of the property performed all snow and ice removal and that they never notified defendant that the snow and ice on the property had created a dangerous condition. Defendant also submitted his deposition testimony in which he testified that plaintiffs were responsible for the removal of snow and ice on the property and that he did not recall ever observing a buildup of snow or ice on the property. Based on that evidence, defendant met his initial burden by establishing that he did not create the allegedly dangerous condition and that he lacked actual or constructive notice thereof (*see Wilkowski v Big Lots Stores, Inc.*, 67 AD3d 1414 [2009]; *Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125 [2009]). Indeed, defendant established as a matter of law that any ice on the property " 'formed so close in time to the accident that [it] could not reasonably have been expected to notice and remedy the condition' " (*Kimpland v Camillus Mall Assoc., L.P.*, 37 AD3d 1128, 1129 [2007]). Plaintiffs failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.