# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1300**

**CA 11-01450**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

JOSEPH V. COSTANZO, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

THE WOMAN'S CHRISTIAN ASSOCIATION OF JAMESTOWN,
NEW YORK AND WOMAN'S CHRISTIAN ASSOCIATION
HOSPITAL (WCA HOSPITAL), DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (FRANK C. CALLOCCHIA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CORNELIUS J. LANG, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered February 18, 2011 in a personal injury
action.  The order denied the motion of defendants for summary
judgment.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs, the motion is granted and the complaint is
dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when he slipped and fell on clear
liquid on a stairway in defendant Woman's Christian Association
Hospital (hereafter, hospital), owned by defendant The Woman's
Christian Association of Jamestown, New York.  We agree with
defendants that Supreme Court erred in denying their motion for
summary judgment dismissing the complaint.  Defendants met their
initial burden of establishing as a matter of law that they " 'did not
create the [allegedly] dangerous condition that caused plaintiff to
fall and did not have actual or constructive notice thereof' "
(*Ferguson v County of Niagara*, 49 AD3d 1313, 1314; *see Lane v
Wilmorite, Inc.*, 1 AD3d 907, 908; *cf. Rapini v New Plan Excel Realty
Trust, Inc.*, 11 AD3d 890).  With respect to the creation of the
condition, defendants submitted evidence that the stairway is used by
hospital employees and the public alike, and on the record before us,
any conclusion that an employee of the hospital, as opposed to a
member of the general public, spilled the liquid at issue would be
mere speculation (*see Castore v Tutto Bene Rest., Inc.*, 77 AD3d 599;
*Berger v ISK Manhattan, Inc.*, 10 AD3d 510).  As for actual notice,
defendants met their initial burden through the submission of, inter
alia, the deposition testimony of various employees who testified that
they were not aware of any complaints concerning the stairway prior to

plaintiff's fall and that they did not observe any water or other substances on the stairway before that time (*see Ferington v Dudkowski*, 49 AD3d 1267; *Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857).  Finally, defendants met their initial burden on the issue of constructive notice of the wet condition by submitting, inter alia, plaintiff's deposition testimony that he did not see any liquid on the stairs when he ascended the stairway 5 to 10 minutes before his fall.  We thus conclude therefrom that defendants "established as a matter of law that [the wet condition] on the [stairway] formed so close in time to the accident that [they] could not reasonably have been expected to notice and remedy the condition" (*Steele v Lafferty*, 79 AD3d 1802, 1803 [internal quotation marks omitted]; *see Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 322-323, *affd* 8 NY3d 931; *Berger*, 10 AD3d at 511-512).  In opposition to the motion, plaintiff failed to raise a triable issue of fact as to defendants' creation or notice of the wet condition (*see generally Majchrzak v Harry's Harbour Place Grille, Inc.*, 28 AD3d 1109; *Lane*, 1 AD3d at 908; *Fowler v St. Luke's Mem. Hosp. Ctr.* [appeal No. 2], 273 AD2d 893).  Plaintiff's " 'speculation with respect to . . . the length of time [the liquid] was on the floor is insufficient to raise a triable issue of fact' " (*Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125, 1126; *see Berger*, 10 AD3d at 512-513; *Gloria v MGM Emerald Enters.*, 298 AD2d 355, 355-356).

All concur except CARNI and LINDLEY, JJ., who dissent in part and vote to modify in accordance with the following Memorandum:  We respectfully dissent in part.  We agree with the majority that defendants established as a matter of law that they did not create the allegedly dangerous condition that caused the accident, i.e., the liquid on the stairs upon which plaintiff slipped, and that they lacked actual notice of it.  We further agree with the majority that plaintiff failed to raise an issue of fact on those theories of negligence, and thus we would modify the order by granting those parts of defendants' motion with respect to their alleged creation of the dangerous condition and their alleged actual notice of it.  In our view, however, defendants failed to meet their initial burden on their motion of establishing as a matter of law that they lacked constructive notice of the presence of the liquid on the stairs (*see King v Sam's E., Inc.*, 81 AD3d 1414), and we conclude that Supreme Court therefore properly denied that part of their motion seeking summary judgment dismissing the complaint to that extent, regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949).

Defendants' purported lack of constructive notice is based on the deposition testimony of plaintiff that he did not notice any liquid when he walked up the stairs 5 to 10 minutes before he fell. Defendants speculate that, because plaintiff did not notice the liquid on his way up the stairs, it was not present at that time.  They thus further speculate that the liquid must have been spilled on the stairs less than 10 minutes before the accident, which is an insufficient period of time upon which to base a finding of constructive notice. The mere fact that plaintiff did not notice the liquid as he ascended

the stairs, however, does not establish as a matter of law that the liquid was not present at that time. Because plaintiff had no reason to inspect the stairs as he ascended them, it is possible that the liquid was there at that time and he simply did not see it. Indeed, plaintiff testified that he also did not see the liquid before he fell as he descended the stairs, and defendants have not disputed that the liquid was in fact there when plaintiff fell. Because defendants failed to submit any nonspeculative evidence as to how long the liquid was on the stairs prior to the accident, we conclude that they failed to establish their lack of constructive notice as a matter of law and thus failed to establish their entitlement to summary judgment dismissing the complaint in its entirety (*see generally King*, 81 AD3d at 1415).