■ 5706 FIFTH AVENUE, LLC, Appellant, v ELYAHOU LOUZIEH, Also Known as ELAYHOU LOUZIA, et al., Respondents. [969 NYS2d 141]—

In an action, inter alia, for declaratory relief and to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated June 11, 2012, which denied its motion for summary judgment on the first and second causes of action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the first and second causes of action is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

"Pursuant to Debtor and Creditor Law § 276, '[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors' " (*Matter of U.S. Bancorp Equip. Fin., Inc. v Rubashkin*, 98 AD3d 1057, 1060 [2012]; *see Pen Pak Corp. v LaSalle Natl. Bank of Chicago*, 240 AD2d 384, 386 [1997]). "Direct evidence of fraudulent intent is often elusive. Therefore, courts will consider 'badges of fraud,' which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (*Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d at 386, quoting *MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.*, 910 F Supp 913, 935 [SD NY 1995]). A plaintiff that successfully establishes actual intent to defraud is entitled to a reasonable attorney's fee under Debtor and Creditor Law § 276-a (*see Ford v Martino*, 281 AD2d 587, 588 [2001]).

Here, the plaintiff, which had obtained a judgment against the defendant Elyahou Louzieh, also known as Elayhou Louzia (hereinafter Elyahou), submitted evidence is support of its motion for summary judgment which demonstrated that Elyahou transferred his interest in the subject property to his wife, the defendant Kiti Louzia, also known as Zakie Kiti Mattout, with the intent to defraud the plaintiff and hinder the collection of its judgment. The plaintiff presented evidence of badges of fraud, including, inter alia, a close relationship between the parties to the transaction, inadequate consideration for the transaction, and the retention of the benefit of the property by Elyahou, who continued to reside in the premises following the transfer (*see NPR, LLC v Met Fin Mgt., Inc.*, 63 AD3d 1128, 1129 [2009]; *Dempster v Overview Equities*, 4 AD3d 495, 498 [2004]). This evidence established the plaintiff's prima facie entitlement to judgment as a matter of law on its first cause of action, inter alia, to set aside the subject conveyance pursuant to Debtor and Creditor Law § 276, and on its second cause of action for an award of an attorney's fee pursuant to Debtor and Creditor Law § 276-a.

In opposition, the defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gihon, LLC v 501 Second St., LLC*, 77 AD3d 708, 709

[2010]; *NPR, LLC v Met Fin Mgt., Inc.*, 63 AD3d at 1129). The conclusory assertion by Elyahou in his affidavit that he transferred the property to his wife because, at that time, they were planning to separate, although they "subsequently reconciled," and the defendants' unsworn separation agreement, were, under the circumstances of this case, insufficient to raise a genuine issue of fact (*cf. Rampello v Cioffi*, 282 AD2d 442, 443 [2001]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the first and second causes of action. We remit the matter to the Supreme Court, Kings County, for a determination of the amount of an attorney's fee to be awarded to the plaintiff on its second cause of action pursuant to Debtor and Creditor Law § 276-a (*see Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC*, 58 AD3d 694, 696-697 [2009]; *Ford v Martino*, 281 AD2d at 588; *Marine Midland Bank v Murkoff*, 120 AD2d 122, 129 [1986]).

In addition, since this is, in part, a declaratory judgment action, the matter must also be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the conveyance was made with intent to defraud and is null and void (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Cadle Co. v Organes Enters., Inc.*, 29 AD3d 927, 929 [2006]). Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.