# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**625**

**CA 13-01671**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

CASSONDRA WILLIAMS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT,
AND ERIE COUNTY MEDICAL CENTER CORPORATION,
DEFENDANT-RESPONDENT.

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (SARAH P. RERA OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (JOHN VISCO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered June 25, 2013. The order granted the motion of
defendant Erie County Medical Center Corporation for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when she slipped and fell on water in the
dietary corridor of a hospital owned and operated by Erie County
Medical Center Corporation (defendant). Defendant entered into a
contract with plaintiff's employer to provide food service to the
hospital. Plaintiff, as limited by her brief, contends that Supreme
Court erred in granting defendant's motion seeking summary judgment
dismissing the complaint against it insofar as plaintiff alleges that
defendant created the allegedly dangerous condition or had
constructive notice of it. We affirm.

Contrary to plaintiff's contention, we conclude that defendant
met its initial burden of establishing that it neither created the
condition nor had constructive notice thereof, and plaintiff failed to
raise a triable issue of fact (*see Costanzo v Woman's Christian Assn.
of Jamestown*, 92 AD3d 1256, 1257; *Steele v Lafferty*, 79 AD3d 1802,
1803; *see Wilkowski v Big Lots Stores, Inc.*, 67 AD3d 1414, 1415).
With respect to defendant's alleged creation of the condition,
defendant submitted evidence that it cleaned the floors of the dietary
corridor using an autoscrub machine during the overnight shift
preceding plaintiff's accident. When plaintiff arrived at work around
6:30 a.m., she did not notice anything on the floor of the corridor.
Defendant also submitted evidence that the dietary corridor is

primarily used by food service workers employed by plaintiff's employer and that, pursuant to the contract between defendant and plaintiff's employer, the latter was solely responsible for cleaning and maintaining the area during the day shift.  Plaintiff did not see any water on the floor before she fell at around 9:00 a.m. and, in response to a question at her General Municipal Law § 50-h hearing whether she knew "where the water came from," she testified that she had "no idea".  Plaintiff's speculation that an employee of the hospital, as opposed to plaintiff or one of her coworkers, spilled the water at issue is insufficient to raise an issue of fact as to defendant's creation of the condition (*see Costanzo*, 92 AD3d at 1257; *King v Sam's East, Inc.*, 81 AD3d 1414, 1415).

With respect to defendant's alleged constructive notice of the condition, it is well established that "a defect [or dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[ ] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  Here, defendant met its initial burden of establishing that it did not have constructive notice of the condition by submitting, inter alia, plaintiff's testimony from her section 50-h hearing that she did not see any water on the floor when she walked through the dietary corridor a few minutes prior to her fall (*see Costanzo*, 92 AD3d at 1257).  Defendant thus established that the condition "did not exist for a long enough period of time to permit [its] employees . . . to discover and remedy it" (*Gilbert v Evangelical Lutheran Church in Am.*, 43 AD3d 1287, 1288, *lv denied* 9 NY3d 815; *see Costanzo*, 92 AD3d at 1257-1258), and plaintiff failed to raise a triable issue of fact (*see Costanzo*, 92 AD3d at 1258; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  July 3, 2014                              Frances E. Cafarell
                                                     Clerk of the Court