Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 25, 2013. The order granted the motion of defendant Erie County Medical Center Corporation for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on wa *1345 ter in the dietary corridor of a hospital owned and operated by Erie County Medical Center Corporation (defendant). Defendant entered into a contract with plaintiffs employer to provide food service to the hospital. Plaintiff, as limited by her brief, contends that Supreme Court erred in granting defendant’s motion seeking summary judgment dismissing the complaint against it insofar as plaintiff alleges that defendant created the allegedly dangerous condition or had constructive notice of it. We affirm.
Contrary to plaintiffs contention, we conclude that defendant met its initial burden of establishing that it neither created the condition nor had constructive notice thereof, and plaintiff failed to raise a triable issue of fact (see Costanzo v Woman’s Christian Assn. of Jamestown, 92 AD3d 1256, 1257 [2012]; Steele v Lafferty, 79 AD3d 1802, 1803 [2010]; see Wilkowski v Big Lots Stores, Inc., 67 AD3d 1414, 1415 [2009]). With respect to defendant’s alleged creation of the condition, defendant submitted evidence that it cleaned the floors of the dietary corridor using an autoscrub machine during the overnight shift preceding plaintiffs accident. When plaintiff arrived at work around 6:30 a.m., she did not notice anything on the floor of the corridor. Defendant also submitted evidence that the dietary corridor is primarily used by food service workers employed by plaintiffs employer and that, pursuant to the contract between defendant and plaintiff’s employer, the latter was solely responsible for cleaning and maintaining the area during the day shift. Plaintiff did not see any water on the floor before she fell at around 9:00 a.m. and, in response to a question at her General Municipal Law § 50-h hearing whether she knew “where the water came from,” she testified that she had “no idea.” Plaintiffs speculation that an employee of the hospital, as opposed to plaintiff or one of her coworkers, spilled the water at issue is insufficient to raise an issue of fact as to defendant’s creation of the condition (see Costanzo, 92 AD3d at 1257; King v Sam’s E., Inc., 81 AD3d 1414, 1415 [2011]).
With respect to defendant’s alleged constructive notice of the condition, it is well established that “a defect [or dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant ] ... to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendant met its initial burden of establishing that it did not have constructive notice of the condition by submitting, inter alia, plaintiffs testimony from her section 50-h hearing that she did not see any water on the floor when she walked through the *1346 dietary corridor a few minutes prior to her fall (see Costanzo, 92 AD3d at 1257). Defendant thus established that the condition “did not exist for a long enough period of time to permit [its] employees ... to discover and remedy it” (Gilbert v Evangelical Lutheran Church in Am., 43 AD3d 1287, 1288 [2007], lv denied 9 NY3d 815 [2007]; see Costanzo, 92 AD3d at 1257-1258), and plaintiff failed to raise a triable issue of fact (see Costanzo, 92 AD3d at 1258; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Present — Smith, J.P, Peradotto, Lindley, Sconiers and Whalen, JJ.