Cotter v Lasco, Inc. (2021 NY Slip Op 04293)





Cotter v Lasco, Inc.


2021 NY Slip Op 04293


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


245 CA 20-00594

[*1]EMMET J. COTTER, PLAINTIFF-RESPONDENT,
v
LASCO, INC., AND LEON SMITH, III, DEFENDANTS-APPELLANTS. 






LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (MARK C. DAVIS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DOLCE PANEPINTO, P.C., BUFFALO (JOHN B. LICATA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered May 6, 2020. The order denied defendants' motion seeking summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified by granting the motion in part, dismissing the amended complaint against defendant Leon Smith, III and dismissing the first cause of action and the remaining causes of action against defendant Lasco, Inc. insofar as they allege exposure to toxic fumes and hazardous substances, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for two separate injuries that he sustained in the course of his employment at nonparty Niagara Lubricant, which conducted business on premises owned by defendant Lasco, Inc. (Lasco). Defendant Leon Smith, III was the sole shareholder of Lasco and also owned and was employed by Niagara Lubricant. Plaintiff alleged that he was injured when he slipped and fell as a result of grease on the floor outside of his office at Niagara Lubricant and also that he was injured by exposure to toxic fumes and hazardous materials on the premises throughout his employment. Defendants now appeal from an order denying their motion for summary judgment dismissing the amended complaint.
We agree with defendants that Supreme Court erred in denying that part of the motion for summary judgment dismissing the amended complaint against Smith, and we therefore modify the order accordingly. To the extent that plaintiff seeks damages from Smith in Smith's capacity as an employee of Niagara Lubricant, the action is barred inasmuch as workers' compensation is the exclusive remedy for an employee injured as the result of "the negligence or wrong of another in the same employ" who acted within the scope of his or her employment (Workers' Compensation Law § 29 [6]; see Hajdaj v Zubin, 147 AD3d 1362, 1363 [4th Dept 2017]; see generally Macchirole v Giamboi, 97 NY2d 147, 150 [2001]). To the extent that plaintiff seeks damages from Smith on the basis that Smith is the sole shareholder of Lasco, defendants established their prima facie entitlement to judgment as a matter of law with respect to the claim against Smith, and plaintiff failed to raise a triable issue of fact whether the corporate veil could be pierced as to Smith (see Mistrulli v McFinnigan, Inc., 39 AD3d 606, 607 [2d Dept 2007]).
We also agree with defendants that the court erred in denying the motion with respect to the first cause of action and the remaining causes of action insofar as they allege the purported exposure to toxic fumes and hazardous substances (exposure claims) because they are untimely under the applicable three-year statute of limitations (see CPLR 214-c [2]). We therefore further modify the order accordingly. As relevant here, that statute of limitations began to run from the date of discovery of plaintiff's injury. Discovery occurs "when the injured party discovers the [*2]primary condition on which the claim is based" and not "when the connection between . . . symptoms and the injured's exposure to a toxic substance is recognized" (Matter of New York County DES Litig., 89 NY2d 506, 509 [1997]). By submitting, inter alia, plaintiff's deposition testimony and a workers' compensation claim filed by him in 2011, defendants established that the exposure claims accrued in 2003 when he "made repeated visits to [his] treating providers for symptoms described in [his] bill of particulars as caused by the [chemical] exposure" (Brightman v Sim, 188 AD3d 558, 559 [1st Dept 2020]), and well over three years prior to the commencement of this action in 2014. To the extent that plaintiff relies on the one-year statute of limitations provided by CPLR 214-c (4), plaintiff cannot avail himself of that limitations period because, inter alia, plaintiff explicitly linked his exposure-related symptoms to exposure at Niagara Lubricant in his workers' compensation claim, i.e., over one year prior to the commencement of this action (see id.).
Contrary to defendants' further contention, however, they failed to meet their initial burden of establishing that Lasco cannot be held liable for plaintiff's slip and fall on the ground that Lasco was an out-of-possession landlord and had relinquished complete control of the property to Niagara Lubricant (see Villafane v Industrial Constr. Mgt., Ltd., 137 AD3d 526, 526 [1st Dept 2016]; Thompson v Corbett, 13 AD3d 1060, 1061-1062 [4th Dept 2004]; Vasquez v RVA Garage, 238 AD2d 407, 408 [2d Dept 1997]). Because defendants failed to meet their initial burden with respect to that issue, the burden never shifted to plaintiff to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Contrary to defendants' contention, even assuming, arguendo, that defendants met their initial burden of establishing that they neither created nor had actual or constructive notice of a dangerous condition that caused plaintiff's slip and fall (see generally Majchrzak v Harry's Harbour Place Grille, Inc., 28 AD3d 1109, 1109 [4th Dept 2006]), we conclude that plaintiff "raised an issue of fact [in opposition] whether the presence of a greasy substance [in the area where plaintiff fell] was a dangerous condition that occurred at regular intervals so as to constitute constructive notice" (Foley v Exolon-Esk Corp., 261 AD2d 835, 835 [4th Dept 1999]; see Wesolek v Jumping Cow Enters., Inc., 51 AD3d 1376, 1378 [4th Dept 2008]), and whether defendants exacerbated the condition caused by tracked in grease by placing a carpet runner outside of plaintiff's office such that grease would accumulate in exposed areas of the floor (see generally Mentasi v Eckerd Drugs, 61 AD3d 650, 651 [2d Dept 2009]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court