21-1487-cv
*Dondero v. Chopra & Nocerino*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           WILLIAM J. NARDINI,
                    *Circuit Judges.*

_____

NANCY DONDERO,

              *Plaintiff-Appellant,*                         21-1487-cv

              v.

CHOPRA & NOCERINO LLP, BRETT L. KULLER,
SAMEER CHOPRA, ALEX NOCERINO,

              *Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Andrew Lavoott Bluestone, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Matthew K. Flanagan, Jenna L. Fierstein, Catalano Gallardo & Petropoulous, LLP, Jericho, NY. |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from an order and judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

On May 24, 2014, Nancy Dondero ("Plaintiff") fell on the stairs of The Church of the Holy Cross (the "Church") on West 42nd Street in New York, New York. In December 2016, she filed a personal injury lawsuit (the "PI Action") in New York Supreme Court, and was represented in that lawsuit by attorneys from the law firm Chopra & Nocerino, LLP (together with the firm, "Defendants"). Plaintiff hired an engineer to prepare a report on the Church stairs (the "Expert Report"). The Expert Report concluded that the stairs "present[ed] a hazardous condition for the public safety," and Defendants entered it on the docket in the PI Action. In July 2019, the New York Supreme Court granted the Church's motion for summary judgment, finding, *inter alia*, that the stairs were "open and obvious," were "not inherently dangerous," and that the Expert Report was "unsigned and unsworn and [wa]s therefore not competent evidence." *Dondero v. The Church of the Holy Cross*, No. 160957/16, 2019 WL 3322045, at *4-*5 (N.Y. Sup. Ct. July 24, 2019).

The Church had previously been sued in New York Supreme Court in a substantially similar personal injury lawsuit after an accident on the same stairs. In that lawsuit, the Supreme Court had also granted summary judgment to the Church, finding that the stairs were not inherently dangerous. *Baker v. Roman Cath. Church of Holy See*, 136 A.D.3d 596, 597 (1st Dep't 2016). The Appellate Division, First Department affirmed. *Id.*

In September 2020, Plaintiff brought this lawsuit against Defendants, articulating claims of legal malpractice and breach of fiduciary duty. In her Complaint, Plaintiff focused on two acts of alleged malpractice: (1) that Defendants did not offer a properly signed and sworn expert report, and (2) that Defendants did not argue that the Church had notice that its stairs created a dangerous condition based on *Baker*. Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The District Court granted Defendants' motion, and Plaintiff appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We review *de novo* a district court's grant of a defendant's motion to dismiss, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (internal quotation marks omitted). However, "conclusory allegations are not entitled to the assumption of

2

truth, and a complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (*en banc*) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

I.

"In a diversity action based on attorney malpractice, state substantive law, here that of New York, applies." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009) (quoting *Rubens v. Mason*, 527 F.3d 252, 254 (2d Cir. 2008)). "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). To establish proximate cause, a legal malpractice plaintiff "must show that he or she would have *prevailed in the underlying action . . .* but for the lawyer's negligence." *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007) (emphasis added).

Even assuming, *arguendo*, that the failures Plaintiff alleges constituted attorney negligence, Plaintiff fails to establish proximate cause.

First, the District Court concluded that "even if the Expert Report had been submitted in admissible form, Plaintiff's personal injury claim still would have failed." App'x 163. We agree. In *Baker*, the plaintiff *did* submit a sworn expert report, but the New York trial and appellate courts nonetheless concluded that the Church stairs were "open and obvious and not inherently dangerous." *Baker*, 136 A.D.3d at 597. Moreover, the expert report in *Baker* "failed to set forth a violation of any specific industry-wide safety guideline in effect at the time of the church's construction more than 140 years ago and prior to the adoption of the building codes." *Id.* Similarly, Plaintiff's Expert Report did not point to any safety guideline in effect at the time of the Church's construction that the stairs violated. *See* App'x 9-11, 125-127. Therefore, even if the Expert Report *had* been properly submitted, there is no indication in the record—even favorably construed for the Plaintiff—that this would have led the PI Action court to rule any differently than it did: namely that the stairs were "open and obvious," and that "plaintiff's allegation that the stairs violated the Building Codes [wa]s without merit" because "the Building Codes were not in effect at the time of the Church's construction." *See Dondero*, 2019 WL 3322045, at *4-*5 (directly referencing *Baker*). Nor does Plaintiff allege that Defendants could have secured an expert opinion supporting any other basis for finding that the stairs were dangerous.

We likewise reject the notion that if Defendants had argued that *Baker* provided the Church constructive notice that the stairs were dangerous, Plaintiff's PI Action would have succeeded. "In constructive notice cases, the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the 'particular condition' at issue." *Taylor v. U.S.*, 121 F.3d 86, 90 (2d Cir. 1997) (quoting *Gordon v. Am. Museum of*

3

*Nat. Hist.*, 67 N.Y.2d 836, 838 (1986)). Mere notice that another person was injured on the same stairs previously *does not* constitute notice of such a "particular" dangerous condition. *See, e.g.*, *Bellassai v. Roberts Wesleyan Coll.*, 59 A.D.3d 1125, 1126 (4th Dep't 2009) (holding that a prior lawsuit concerning a "slip-and-fall" in a college dining hall was insufficient to provide notice of a particular dangerous condition for a "slip-and-fall" in the same dining hall several years later). Indeed, *Baker* held that the stairs were "*not* inherently dangerous." 136 A.D.3d at 597 (emphasis added). If anything, *Baker* and its holding might therefore have demonstrated that the Church *lacked* notice of a dangerous condition, and failure to argue the contrary cannot be said to have proximately caused the dismissal of PI Action.[1]

II.

Plaintiff has arguably abandoned her breach of fiduciary duty claim by failing to argue that issue in her opening brief on appeal. We need not decide that question, since in any event the District Court did not err in dismissing that claim "The elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011) (citing *Barrett v. Freifeld*, 64 A.D.3d 736, 739 (2d Dep't 2009)). New York courts "have consistently held that [a breach of fiduciary duty] claim, premised on the same facts and seeking the identical relief sought in the legal malpractice cause of action, is redundant and should be dismissed." *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 271 (1st Dep't 2004). Plaintiff's fiduciary duty claim is duplicative in precisely this way, and it was properly dismissed by the District Court.

**CONCLUSION**

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 1, 2021 order and June 2, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Indeed, the New York Supreme Court acknowledged that *Baker* involved the same church at issue in the PI action. *See Dondero*, 2019 WL 3322045, at *4. Plaintiff fails to provide a basis to infer that the outcome of the PI Action would have changed had Defendants simply cast in a different light a fact of which the Supreme Court was already aware.