Hospitality Concepts, LLC v Bernhardt (2022 NY Slip Op 07349)

Hospitality Concepts, LLC v Bernhardt

2022 NY Slip Op 07349

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

807 CA 21-01570

[*1]HOSPITALITY CONCEPTS, LLC, PLAINTIFF-RESPONDENT,
v
JAY BERNHARDT, BEDFORD FALLS ENTERPRISES, LLC, JGB PROPERTIES, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. (APPEAL NO. 1.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (JEFFREY A. JAKETIC OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 13, 2021. The order granted in part the motion of plaintiff for summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff commenced this action seeking payment for services that it provided to defendant Bedford Falls Enterprises, LLC (BFE), which owned The Gould Hotel (hotel) in Seneca Falls. BFE sold the hotel in August 2018; however, neither BFE nor defendant Jay Bernhardt, BFE's sole member, paid the amount owed to plaintiff. Subsequently, BFE transferred certain of its monetary assets to defendant JGB Properties, LLC (JGB Properties). Bernhardt was also the sole member of JGB Properties. Following its transfer of assets, BFE had insufficient funds with which to pay the amount owed to plaintiff. In a prior action, plaintiff obtained a judgment against BFE for the unpaid amount and interest, but BFE had dissolved by that time. Plaintiff commenced the instant action seeking, inter alia, to hold Bernhardt personally liable and to set aside the conveyance to JGB Properties as fraudulent pursuant to Debtor and Creditor Law former §§ 273 and 276. Plaintiff thereafter moved for summary judgment on, inter alia, the second cause of action in the amended complaint insofar as it is premised on those former sections, and on the first cause of action. In appeal No. 1, Bernhardt, BFE, and JGB Properties (collectively, defendants) appeal from an order that, inter alia, granted those parts of plaintiff's motion for summary judgment with respect to its second cause of action, insofar as asserted against defendants on the basis of former sections 273 and 276, and with respect to its first cause of action. In appeal No. 2, defendants appeal from a subsequent order that, inter alia, awarded attorneys' fees to plaintiff. In appeal No. 3, defendants appeal from a judgment awarding plaintiff damages, interest, costs, and attorneys' fees.
As an initial matter, we note that the appeals from the orders in appeal Nos. 1 and 2 must be dismissed inasmuch as those orders are subsumed in the final judgment in appeal No. 3. The appeal from the judgment brings up for review the propriety of the orders in appeal Nos. 1 and 2 (see generally CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]).
With respect to appeal No. 3, we reject defendants' contention that Supreme Court erred in granting summary judgment to plaintiff with respect to its second cause of action insofar as asserted against defendants on the basis of Debtor and Creditor Law former §§ 273 and 276. Pursuant to former section 273 and as relevant on appeal, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to [*2]creditors without regard to [that person's] actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Contrary to defendants' contention, plaintiff met its initial burden on the motion by establishing that BFE's conveyance to JGB Properties rendered BFE insolvent and was made without fair consideration, and defendants failed to raise an issue of fact in opposition (see generally Berner Trucking v Brown, 281 AD2d 924, 924-925 [4th Dept 2001]).
As to Debtor and Creditor Law former § 276, "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Because "[d]irect evidence of fraudulent intent is often elusive[,] . . . courts will consider badges of fraud which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (Dempster v Overview Equities, 4 AD3d 495, 498 [2d Dept 2004], lv denied 3 NY3d 612 [2004] [internal quotation marks omitted]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1288 [4th Dept 2014]). Upon review of the record, we conclude that plaintiff met its initial burden of establishing fraudulent intent, and that defendants failed to raise an issue of fact in opposition (see generally NPR, LLC v Met Fin Mgt., Inc., 63 AD3d 1128, 1129 [2d Dept 2009]). Based on this determination, we conclude that, contrary to defendants' further contention, the court properly awarded attorneys' fees to plaintiff (see former § 276-a; 5706 Fifth Ave., LLC v Louzieh, 108 AD3d 589, 590 [2d Dept 2013]).
We likewise reject defendants' contention that the court erred in granting plaintiff's motion with respect to its first cause of action, which sought to pierce the corporate veil and impose personal liability on Bernhardt. Based upon, among other things, Bernhardt's concessions in his answer and interrogatories regarding his involvement in BFE and JGB Properties, as well as the evidence of past financial practices between those entities, we conclude that the court properly determined that plaintiff is entitled to summary judgment on its cause of action based on Bernhardt's individual liability (see generally Cotter v Lasco, Inc., 196 AD3d 1041, 1042 [4th Dept 2021]; NPR, LLC, 63 AD3d at 1129-1130).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court